United States Court of Appeals
Fifth Circuit

**F I L E D**

**July 25, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 03-30072
Summary Calendar
_____

UNITED STATES OF AMERICA,

                              Plaintiff-Appellee,

versus

OSCAR WILLARD JOHNSON, III,

                              Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 99-CR-374-ALL-S
--------------------

Before JOLLY, JONES, and WIENER, Circuit Judges.

PER CURIAM:[*]

     Oscar Willard Johnson, III, appeals his sentence, which was
assessed after he pleaded guilty to various drug-related offenses
in violation of 21 U.S.C. § 841(a).  He argues that the district
court erroneously assigned him two criminal history points for a
June 1993 juvenile adjudication because there was no evidence
that he was released from confinement for that adjudication
within five years of his commencement of the instant offenses as

_____

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

required by U.S.S.G. § 4A1.2(d)(2)(A); that the district court erroneously enhanced his offense level under U.S.S.G. § 2D1.1(b)(1) for possessing firearms in connection with the drug-related offenses; and that his trial counsel was ineffective for failing to object to the U.S.S.G. § 2D1.1(b)(1) enhancement.

We conclude that the arguments raised by Johnson under U.S.S.G. §§ 4A1.2(d)(2)(A) and 2D1.1(b)(1) were not sufficiently preserved for review, and, thus, the district court's application of these sentencing guidelines are reviewed for plain error only. See United States v. Olano, 507 U.S. 725, 731-32 (1993); see also United States v. Ocana, 204 F.3d 585, 589 (5th Cir. 2000); United States v. Burton, 126 F.3d 666, 671 (5th Cir. 1997); United States v. Krout, 66 F.3d 1420, 1434 (5th Cir. 1995). There is no plain error relative to the district court's alleged miscalculation of Johnson's criminal history score because the district court could, on remand, impose the same sentence. See United States v. Ravitch, 128 F.3d 865, 871 (5th Cir. 1997).

As it was not "clearly improbable" that the firearms found in Johnson's girlfriend's house were connected to the charged offenses, there was no error, plain or otherwise, in the district court's application of the enhancement under U.S.S.G. § 2D1.1(b). See U.S.S.G. § 2D1.1, comment. (n.3); United States v. Vasquez, 161 F.3d 909, 912 (5th Cir. 1998)

As a general rule, Sixth Amendment claims of ineffective assistance of counsel cannot be litigated on direct appeal unless

they were adequately raised in the district court.  United States v. Gibson, 55 F.3d 173, 179 (5th Cir. 1995).  Even though Johnson did not specifically raise this claim in the district court, the record provides sufficient detail to allow this court to make a determination of the merits of the claim.  See United States v. Saenz-Forero, 27 F.3d 1016, 1021 (5th Cir. 1994)(failure of counsel to object to 16-level sentencing enhancement).  As was discussed above, the district court correctly applied the enhancement under § 2D1.1(b); therefore Johnson cannot show that trial counsel was ineffective for failing to raise it at sentencing.  See Strickland v. Washington, 466 U.S. 668, 687, 697 (1984).

AFFIRMED.