United States Court of Appeals
Fifth Circuit

**F I L E D**

**August 15, 2007**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

———————

No. 05-41842
Summary Calendar

———————

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

JUAN ANGEL GARCIA-GONZALEZ

Defendant-Appellant

———————

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:04-CR-916-ALL

———————

Before KING, DAVIS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Juan Angel Garcia-Gonzalez appeals his 57-month sentence for knowingly and intentionally importing into the United States more than five kilograms of cocaine. Garcia-Gonzalez contends that his sentence was unreasonable because the district court failed to consider the factors set forth in 18 U.S.C. § 3553(a), punished him based on the erroneous belief that he was wealthy, and implicated Eighth Amendment concerns by issuing a sentence that was unduly harsh without reason. Garcia-Gonzalez's sentence is within a properly calculated

———————

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

sentencing range under the United States Sentencing Guidelines and is presumptively reasonable. See United States v. Alonzo, 435 F.3d 551, 554 (5th Cir. 2006); see also Rita v. United States, 127 S.Ct. 2456, 2462 (2007) (permitting presumption of reasonableness for sentences within properly calculated guidelines range).

His sentence was imposed with sufficient consideration of the § 3553(a) factors, was not assessed under the erroneous belief that he was wealthy, and is not unreasonable. See Rita, 127 S.Ct. at 2468-69; United States v. Nikonova, 480 F.3d 371, 376 (5th Cir. 2007), petition for cert. filed, (U.S. May 21, 2007) (No. 06-11834); United States v. Mares, 402 F.3d 511, 519 (5th Cir. 2005). Garcia-Gonzalez's Eighth Amendment challenge to his sentence is unavailing. See United States v. Cardenas-Alvarez, 987 F.2d 1129, 1134 (5th Cir. 1993).

Garcia-Gonzalez also contends that his counsel provided ineffective assistance by not specifically objecting to the district court's failure to provide a reasoned analysis of the § 3553(a) factors. Although this court generally does not review claims of ineffective assistance of counsel on direct appeal because the record will rarely be developed sufficiently to allow a fair evaluation of the merits of the claim, United States v. Stevens, 487 F.3d 232, 245 (5th Cir. 2007), the record here provides sufficient detail to allow this court to decide Garcia-Gonzalez's claim. See United States v. Saenz-Forero, 27 F.3d 1016, 1021 (5th Cir. 1994); United States v. Rosalez-Orozco, 8 F.3d 198, 199-202 (5th Cir. 1993). Garcia-Gonzalez's claim fails because the district court adequately addressed the § 3553(a) factors. See Strickland v. Washington, 466 U.S. 668, 687 (1984).

The judgment of the district court is AFFIRMED.