Phillip PERKINS, Plaintiff-Appellant,

v.

Donald CABANA, Superintendent of M.D.
O.C. and Governor of State of Missis-
sippi, Morris Thigpen, Commissioner,
Defendants-Appellees.

No. 85–4917
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

June 30, 1986.

Phillip Perkins, pro se.

Leonard Vincent, Staff Atty., Parchman, Miss., for defendants-appellees.

Before CLARK, Chief Judge, WILLIAMS, and HIGGINBOTHAM, Circuit Judges.

PER CURIAM.

State prisoner Phillip Perkins filed this *pro se* class action under 42 U.S.C. § 1983 challenging the constitutionality of the Mississippi habitual offender statutes. Upon the recommendation of a magistrate, the district judge dismissed his suit for failure to state a claim upon which relief can be granted. We affirm.

Mississippi Code Ann. § 99–19–81 became effective on January 1, 1977. It provides as follows:

> Every person convicted in this state of a felony who shall have been convicted twice previously of any felony or federal crime upon charges separately brought and arising out of separate incidents at different times and who shall have been sentenced to separate terms of one (1) year or more in any state and/or federal penal institution, whether in this state or elsewhere, shall be sentenced to the maximum term of imprisonment prescribed for such felony, and such sentence shall not be reduced or suspended nor shall such person be eligible for parole or probation.

Miss.Code Ann. § 99–19–83 provides that if one of the felonies was a crime of violence, the person must be sentenced to life imprisonment. It also requires actual service of the prior sentences of one year or more. Section 99–19–83 became effective on January 1, 1977.

Perkins argues that § 99–19–81 is an unconstitutional ex post facto law. He asserts that the law impermissibly applies to convictions that occurred as many as ten years before the effective date of the law, and that the requirement of the maximum possible sentence for the habitual offender impermissibly increases the punishment for the crime after its commission.

This retroactivity argument misses the mark. The statute defines and fixes the punishment for future felony offenses. That it does so in terms of past offenses does not punish or increase the punishment for those past offenses. The State has done no more than classify felony recidivists in a different category for punishment purposes than the category provided for first felony offenders. No person is exposed to the increased penalty unless he commits a felony after the enactment.

Perkins also argues that a prisoner convicted under the habitual offender statute may not accrue earned time credits and other privileges that prisoners convicted under other statutes may accumulate. He asserts that this distinction constitutes an equal protection violation.

This argument, too, is misplaced. The legislature has the authority to define different offenses and to provide different penalties for them. The denial of certain privileges available to first-time offenders is merely part of the enhanced penalty the legislature has chosen to exact from habitual offenders. Perkins's suggestion that the Constitution requires a state to treat a third time offender in precisely the same manner as he was treated on his first offense is frivolous on its face. The habitual offender provision treats all prisoners convicted under it alike. The statute does not violate equal protection rights.

Perkins next asserts that § 99–19–81 conflicts with the statutory provisions that authorize the State Board of Corrections to regulate and award earned time credits, and that define parole eligibility. *See* Miss.Code Ann. §§ 47–5–138, 47–5–139, 47–7–3. He argues that § 99–19–81 prohibits the sentencing court from reducing or suspending the mandatory maximum sentence, but does not prohibit the State Department of Corrections from exercising its statutory authority to award earned time

credits to a prisoner convicted under § 99–19–81.

The provisions on which Perkins relies were reenacted in 1984, several years after the effective date of the habitual offender statute. They express an awareness of and adherence to the mandate of that statute. Section 99–19–81 states that the sentence of a habitual offender "shall not be reduced or suspended nor shall such person be eligible for parole or probation." Section 47–5–138(1), which authorizes the State Board of Corrections to formulate "rules and regulations providing for earned time allowances," mandates that "[s]uch rules and regulations shall differentiate between habitual offenders for the purposes of awarding earned time or meritorious earned time." It then defines "habitual offender" in precisely the same terms as § 99–19–81. Section 47–5–139, which was a part of the same enactment but will stand automatically repealed on July 1, 1986, also provides for earned time as a reward for good conduct and performance. The statute requires a grouping of offenders into four classifications, each classification eligible for a different amount of earned time for each month served. The statute states that "[o]ffenders in Class IV shall not be allowed to earn any earned time." Section 47–7–3(1) provides that a prisoner convicted under the habitual offender statutes is not eligible for parole. A reasonable and harmonious construction of these statutes is that the legislature intended them to maintain the enhanced penalty that § 99–19–81 imposes on habitual offenders, a penalty that includes the denial of certain privileges available to other prisoners.

■ Finally, Perkins argues that both §§ 99–19–81 and 99–19–83 violate the constitutional prohibition against double jeopardy because a conviction under either results in additional punishment for a past crime and conviction. This argument is essentially the same as the meritless retroactivity argument that we addressed above.

The judgment appealed from is

AFFIRMED.