**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

No. 93-3556

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

HERNANDO SAENZ-FORERO,

Defendant-Appellant.

Appeal from the United States District Court
for the Eastern District of Louisiana

(July 20, 1994)

Before JOHNSON, BARKSDALE and DeMOSS, Circuit Judges.

DeMOSS, Circuit Judge:

Defendant-appellant Hernando Saenz-Forero pleaded guilty on February 3, 1993 to illegally attempting to re-enter the United States after having been previously arrested and deported. 8 U.S.C. § 1326.[1] He appeals his 41-month sentence, claiming (1) that the trial court violated the Ex Post Facto Clause of the United States Constitution by using a 1985 conviction to enhance his sentence; and (2) that he received ineffective assistance of counsel. Finding

---

[1]Section 1326 punishes "any alien who ... has been arrested and deported ... and thereafter ... enters, attempts to enter, or is at any time found within the United States."

no basis for reversal or modification of Saenz-Forero's sentence, we AFFIRM.

FACTS AND PROCEDURAL BACKGROUND

On December 21, 1992, Saenz-Forero arrived at the New Orleans International Airport aboard a flight from San Jose, Costa Rica. He presented a falsified passport to immigration authorities. Upon questioning, he waived his <u>Miranda</u> rights and admitted his true identity. He was then arrested on a charge of using a false passport in violation of 18 U.S.C. § 1543. Subsequent checks of immigration records revealed that Saenz-Forero had previously been arrested and deported from the United States on September 10, 1986, after a 1985 conviction for conspiracy to possess and distribute cocaine. After his deportation in 1986, Saenz-Forero did not apply for or receive permission to re-enter the United States.

Saenz-Forero was indicted on two counts: (1) attempting to re-enter the United States without the permission of the Attorney General after having been arrested and deported; and (2) willful use of an altered passport. He pleaded guilty to the re-entry count, and the government moved to dismiss the passport count in accordance with the plea agreement.

Saenz-Forero was sentenced on May 19, 1993. The trial court used his prior drug conviction to increase his sentence under 8 U.S.C. § 1326(b)(2)[2] and the corresponding sentence enhancement

_____

[2]"In the case of any alien [who attempts to re-enter the United States after having been previously arrested and deported] whose deportation was subsequent to a conviction for commission of an aggravated felony, such alien will be fined under [Title 18], imprisoned not more than 15 years, or both." 8 U.S.C. §

2

provision in the United States Sentencing Guidelines.[3] Saenz-Forero's 1985 conviction is an "aggravated felony" for the purpose of § 2L1.2(b)(2) and § 1326(b)(2), according to both Guideline and statutory definitions in effect in 1992 when he attempted to re-enter the United States. 8 U.S.C. § 1101(a)(43); U.S.S.G. § 2L1.2(b)(2), comment.(n.7)(Nov. 1992). Cocaine is a "controlled substance" under 21 U.S.C. § 806(6), and conspiring to distribute cocaine is a "drug trafficking crime" as defined in 18 U.S.C. § 924(c)(2).[4]

After the trial court applied the 16-level increase called for in § 2L1.2(b)(2), as well as a three-level decrease for acceptance of responsibility, Saenz-Forero's total offense level was 21. His criminal history category was II, resulting in a sentencing range

---

1326(b)(2).

Mere re-entry after deportation subjects the defendant only to a two-year maximum sentence under § 1326(a). Entry after conviction for a non-aggravated felony subjects a defendant to a maximum term of five years under § 1326(b)(1). We have held that § 1326(b)(2), which subjects prior aggravated felons to a term of up to 15 years, is a sentence enhancement provision rather than an independent criminal offense. United States v. Vasquez-Olvera, 999 F.2d 943, 945 (5th Cir. 1993)(holding that the prior aggravated offense is not an element of the crime and does not have to be alleged in the indictment), cert. denied, 114 S.Ct. 889 (1994); Accord, United States v. Crawford, 18 F.3d 1173, 1178 (4th Cir. 1994); but see United States v. Campos-Martinez, 976 F.2d 589, 591-92 (9th Cir. 1992)(holding that subsections (a) and (b) constitute separate crimes).

[3]U.S.S.G. § 2L1.2 sets a base offense level of 8 for "unlawfully entering or remaining in the United States," then provides in § 2L1.2(b)(2) that "[i]f the defendant previously was deported after a conviction for an aggravated felony, increase by 16 levels."

[4]For a discussion of the different functions of § 2L1.2(b)(2) and § 1326(b)(2), see United States v. Forbes, 16 F.3d 1294, 1300 & n.9 (1st Cir. 1994).

of 41 months to 51 months. The trial court chose the bottom of the range, sentencing Saenz-Forero to 41 months of incarceration.

## DISCUSSION

Saenz-Forero, who brings this appeal pro se, challenges his sentence with two issues on appeal. (1) Did the trial court's enhancement of Saenz-Forero's sentence under 8 U.S.C. § 1326(b)(2) and U.S.S.G. § 2L1.2(b)(2) for his 1985 aggravated felony conviction violate the Ex Post Facto Clause of the Constitution?

(2) Was Saenz-Forero denied effective assistance of counsel?

### Issue 1: Ex Post Facto Argument

Saenz-Forero, raising an issue of first impression in the Fifth Circuit, alleges an *ex post facto* violation because his drug conviction -- the "aggravated felony" used to enhance his sentence -- occurred in 1985, before such a drug conviction was classified as an "aggravated felony," and before the enactment of the sentencing enhancement provisions in 18 U.S.C. § 1326(b)(2) and U.S.S.G. § 2L1.2(b)(2). The relevant dates are set out below:

January 30, 1985 - Saenz-Forero is convicted of conspiring to possess and distribute cocaine.

September 10, 1986 - Saenz-Forero is arrested and deported from the United States.

November 18, 1988 - 8 U.S.C. § 1326 is amended effective this date to provide for a 15-year maximum sentence for a defendant who attempts to illegally re-enter the United States after having been previously deported following an aggravated felony conviction. The amending legislation also added a new statutory provision, 8 U.S.C.

4

§ 1101(a)(43), which defines "aggravated felony" as including any drug trafficking crime.

November 1, 1991 - U.S.S.G. § 2L1.2 is amended effective this date by the addition of a new subsection (b)(2), providing for a 16-level increase in the base offense level of a defendant who attempts to illegally re-enter the United States after having been previously deported following an aggravated felony conviction. The amendment to § 2L1.2 also added Application Note 7, which defines "aggravated felony" to include any illicit trafficking in a controlled substance.

December 21, 1992 - Saenz-Forero, using an altered passport, attempts to illegally re-enter the United States and is arrested.

January 7, 1993 - Saenz-Forero is indicted.

February 3, 1993 - Saenz-Forero pleads guilty to a violation of 8 U.S.C. § 1326(b)(2).

May 19, 1993 - Saenz-Forero is sentenced.

Saenz-Forero, in his pro se brief, argues that "the aggravated felony statute did not exist at the time of appellant's original conviction," and that his 1985 conviction occurred "before the statute declared drug convictions to be conviction of an aggravated felony." He asks the Fifth Circuit to "remand for re-sentencing in compliance with the law in effect at the time of appellant's original conviction, thus, remanding for removal of the 16-level enhancement."

Saenz-Forero's argument seems to be that the district court's application to him of the harsher penalties in 8 U.S.C. §

5

1326(b)(2) and U.S.S.G. § 2L1.2(b)(2) violates the Ex Post Facto Clause of the Constitution.[5] U.S. CONST., art. I, § 9, cl. 3 ("No ... ex post facto Law shall be passed."). An *ex post facto* law is a criminal or penal measure which is retrospective and is disadvantageous to the offender because it may impose greater punishment. United States v. Leonard, 868 F.2d 1393, 1399 (5th Cir. 1989), overruled on other grounds by United States v. Taylor, 495 U.S. 575, 579 & n.2 (1990), and cert. denied, 496 U.S. 904 (1990). A central concern of the *ex post facto* prohibition is to assure that legislative acts "give fair warning of their effect and permit individuals to rely on their meaning until explicitly changed." Miller v. Florida, 482 U.S. 423, 430 (1987)(quoting Weaver v. Graham, 450 U.S. 24, 28-29 (1981)). We have held that a statute violates the Ex Post Facto Clause if the statute (1) punishes as a crime an act previously committed which was not a crime when it was done; (2) increases the punishment for a crime after the crime is committed; or (3) deprives a criminal defendant of a defense that

---

[5]Saenz-Forero raises this issue for the first time on appeal, so our review must be for "plain error" under FED. R. CRIM. P. 52(b) and United States v. Olano, 113 S.Ct. 1770, 1777-78 (1993). Under Olano, a federal appellate court may not review an unpreserved claim of error unless: (1) there was an actual error; (2) the error was "plain," i.e., clear under current law; and (3) it affected the defendant's "substantial rights." Even when all three prongs are met, Olano holds, the appellate court has discretion as to whether to correct the error. We hold that there was no error in Saenz-Forero's sentence, so we reach only the first step of Olano.

was legally available at the time the act was committed. United States v. Brechtel, 997 F.2d 1108, 1113 (5th Cir.), cert. denied, 114 S.Ct. 605 (1993).

This Circuit has not yet addressed the precise issue Saenz-Forero raises. But a recent First Circuit case is squarely on point against his *ex post facto* argument. United States v. Forbes, 16 F.3d 1294, 1302 (1st Cir. 1994). In addition, this Circuit and the Supreme Court have upheld recidivist statutes in the face of similar *ex post facto* challenges. Leonard, 868 F.2d at 1399-1400 (citing Gryger v. Burke, 334 U.S. 728, 732 (1948)); Perkins v. Cabana, 794 F.2d 168, 169 (5th Cir.), cert. denied, 479 U.S. 936 (1986).

In Leonard, the defendant claimed that his sentence could not be enhanced (pursuant to a recidivist statute giving a harsher sentence to offenders with three prior convictions for certain felonies) due to convictions that pre-dated the enactment of the recidivist statute. We upheld his conviction:

> "Leonard's argument reflects a misunderstanding as to the function of his [prior] convictions under the statute. Neither his conviction nor the sentence he complains of punishes him for these prior offenses. Those offenses merely led to an enhanced sentence for his new crime. Leonard pled guilty to [the new crime] on May 26, 1988, *after* the effective date of [18 U.S.C.] § 924(e). Section 924(e) is not retrospective because it bases enhancement of his sentence upon convictions which preceded its enactment."

Leonard, 868 F.2d at 1399-1400 (holding that § 924(e) did not

violate the Ex Post Facto Clause).[6] We also upheld a Mississippi recidivist statute against a similar constitutional challenge in Perkins v. Cabana, 794 F.2d 168, 169 (5th Cir.), cert. denied, 479 U.S. 936 (1986).

> "Perkins argues that [Miss. Code Ann.] § 99-19-81 is an unconstitutional *ex post facto* law. He asserts that the law impermissibly applies to convictions that occurred as many as ten years before the effective date of the law, and that the requirement of the maximum possible sentence for the habitual offender impermissibly increases the punishment for the crime after its commission.
> This retroactivity argument misses the mark. The statute defines and fixes the punishment for future felony offenses. That it does so in terms of past offenses does not punish or increase the punishment for those past offenses. The State has done no more than classify felony recidivists in a different category for punishment purposes than the category provided for first felony offenders. No person is exposed to the increased penalty unless he commits a felony after the enactment."

Perkins, 794 F.2d at 169. The United States Supreme Court similarly held that a recidivist statute was not an unconstitutional *ex post facto* law even though the prior offense, which classified the accused as a habitual offender, occurred prior to the effective date of the recidivist statute. Gryger v. Burke, 334 U.S. 728, 732 (1948)(upholding recidivist statute against *ex post facto* challenge).

In this case, Saenz-Forero is asserting essentially the same argument that we rejected in Perkins and Leonard, and that the Supreme Court rejected in Gryger. And, like the defendants in those cases, Saenz-Forero was convicted for conduct that occurred *after* the enactment of the statute that criminalized his conduct and

---

[6]Leonard was overruled by the United States Supreme Court on an unrelated point. United States v. Taylor, 495 U.S. 575, 579 & n.2 (1990).

established the punishment for that conduct. His attempt to re-enter the United States in violation of 8 U.S.C. § 1326 occurred in 1992. The subsection setting a harsher sentence for prior aggravated felons, 8 U.S.C. § 1326(b)(2), was enacted in 1988, and the statutory definition of "aggravated felony" in 8 U.S.C. § 1101(a)(43) also was enacted in 1988. The applicable sentencing guideline provision and definition, U.S.S.G. § 2L1.2(b)(2) & comment (n.7), became effective on November 1, 1991, also *before* Saenz-Forero's 1992 attempted re-entry. The fact that his prior aggravated felony conviction occurred in 1985 does not change the analysis, according to the case law upholding recidivist statutes. Gryger, 334 U.S. at 732; Leonard, 868 F.2d at 1399-1400; Perkins, 794 F.2d at 169.

In addition, the First Circuit explicitly rejected Saenz-Forero's argument in United States v. Forbes, 16 F.3d 1294, 1302 (1st Cir. 1994). In that case, Jamaican citizen Robert George Forbes was convicted under 8 U.S.C. § 1326 for unlawfully attempting to re-enter the United States after having been previously arrested and deported. Forbes appealed his sentence, arguing that the use of prior convictions to trigger the aggravated felony enhancement provision of § 1326(b)(2) violated the Ex Post Facto Clause because the prior convictions occurred prior to the enactment of § 1326(b)(2). The First Circuit rejected the *ex post facto* argument and affirmed Forbes' sentence:

> "Forbes cannot claim that subsection (b)(2) makes more onerous the punishment for crimes committed before its enactment. Forbes is being punished for the crime of unlawful re-entry, in violation of § 1326. The enhancement provision increases the

9

punishment for this crime. It does not affect the punishment that Forbes received for the crimes committed prior to the effective date of the Act. As the [Supreme Court in Gryger, 334 U.S. at 732,] observed, the fact that prior convictions that [are] factored into a defendant's increased sentence preceded the enactment of an enhancement provision does not render the Act invalidly retroactive. Rather, an enhanced penalty is not to be viewed as either a new jeopardy or additional penalty for the earlier crimes. It is a stiffened penalty for the latest crime, which is considered to be an aggravated offense because [it is] a repetitive one."

Forbes, 16 F.3d at 1302 (citations omitted). The First Circuit also upheld the decision of the sentencing court to increase Forbes' base offense level by 16 levels pursuant to § 2L1.2(b)(2). Id. at 1301.

Guided by the First Circuit's persuasive reasoning in Forbes -- as well as by the analogous precedent in Gryger, Perkins and Leonard -- we hold that the enhancement of Saenz-Forero's sentence under § 1326(b)(2) and § 2L1.2(b)(2) for his 1985 aggravated felony conviction did not violate the Ex Post Facto Clause.

### Issue 2: Ineffective Assistance Claim

Saenz-Forero also argues that he was denied effective assistance of counsel because his attorney did not object to the 16-level increase.[7] To prevail on this claim, Saenz-Forero must demonstrate that his attorney's performance was deficient and that the deficient performance prejudiced his defense. Strickland v. Washington, 466 U.S. 668, 687 (1984). To establish prejudice under

_____

[7]Generally, a claim of ineffective assistance cannot be raised for the first time on direct appeal. United States v. Bounds, 943 F.2d 541, 544 (5th Cir. 1991), cert. denied, 114 S.Ct. 135 (1993). We will address the claim, however, if the record provides substantial details about the attorney's conduct. Here, Saenz-Forero's ineffective assistance claim is related to his *ex post facto* claim, so we will address it.

10

Strickland, a defendant must show that his attorney's errors were so serious as to render the proceedings unreliable and fundamentally unfair. Lockhart v. Fretwell, 113 S.Ct. 838, 844 (1993). As was discussed above, the sentencing court correctly applied the 16-level enhancement under § 2L1.2(b)(2). Therefore, an objection by Saenz-Forero's attorney on this point could not have changed the sentence, and thus Saenz-Forero cannot demonstrate prejudice under Strickland.[8] His sentence is AFFIRMED.

---

[8]Cf. United States v. Rosalez-Orozco, 8 F.3d 198, 202 (5th Cir. 1993)(evidence was sufficient to support conviction, so defendant could not show Strickland prejudice from counsel's failure to move for acquittal).

11