IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-51340
Conference Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JUAN FLORENTINO MENDOZA-CERVANTES,

Defendant-Appellant.

- - - - - - - - - -
Appeal from the United States District Court
for the Western District of Texas
USDC No. EP-00-CR-1812-ALL-EP
- - - - - - - - - -
August 23, 2001

Before KING, Chief Judge, and POLITZ and PARKER, Circuit Judges.

PER CURIAM:*

The Federal Public Defender appointed to represent Juan Florentino Mendoza-Cervantes (Mendoza) has moved for leave to withdraw and has filed a brief as required by Anders v. California, 386 U.S. 738 (1967). Mendoza has received a copy of counsel's motion and brief.

Mendoza, who pleaded guilty to violating 8 U.S.C. § 1326, has stated that he wishes to challenge only his sentence. He argues that it was improper to increase his sentence under 8

_____

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

U.S.C. § 1326(b)(2) based on a prior felony conviction for which he served a term of imprisonment.

Mendoza's assertion, that sentencing him based on his prior conviction punishes him twice for the same conduct, is without merit. The sentence enhancements under § 1326(b)(2) and the Sentencing Guidelines do not further punish Mendoza for his prior offense but merely enhance his punishment for a new crime. See United States v. Saenz-Forero, 27 F.3d 1016, 1020 (5th Cir. 1994). Recidivism is properly considered as a sentencing factor. See Almandarez-Torres v. United States, 523 U.S. 233, 230, 243-44 (1998).

Our independent review of the brief, Mendoza's response, and the record discloses no nonfrivolous sentencing issue for appeal. Accordingly, counsel's motion for leave to withdraw is GRANTED, counsel is excused from further responsibilities herein, and the APPEAL IS DISMISSED. See 5th Cir. R. 42.2.