IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-60110
Summary Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

KENNY FRANKLIN EDMONSON,

Defendant-Appellant.

--------------------
Appeals from the United States District Court
for the Southern District of Mississippi
USDC No. 3:01-CR-27-ALL-BN
--------------------
January 8, 2003

Before JONES, STEWART, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Kenny Franklin Edmonson appeals his conviction for using unauthorized access devices with intent to defraud and, by such conduct, obtaining things of value aggregating more than $1,000 during a one-year period, in violation of 18 U.S.C. § 1029(a)(2). Edmonson argues that he was denied his Sixth Amendment right to counsel at his competency hearing; that his waiver of his right to counsel was not knowingly, voluntarily, or intelligently made; and

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

that the district court abused its discretion in admitting certain evidence.

Although this court generally does not review claims regarding counsel's assistance on direct appeal, the record herein provides sufficient detail regarding the attorney's conduct to allow this court to consider the merits of Edmonson's denial of counsel claim. See United States v. Saenz-Forero, 27 F.3d 1016, 1021 n.7 (5th Cir. 1994). Contrary to Edmonson's contentions, the record reflects that Attorney Christopher Holt provided "some meaningful assistance" to Edmonson on the issue of his competency. Gochicoa v. Johnson, 238 F.3d 278, 285 (5th Cir. 2001).

The record also demonstrates that Edmonson's waiver of his right to counsel was knowing, voluntary, and intelligent. The district court's colloquy with Edmonson was extremely detailed and covered all of the issues necessary for a valid waiver. United States v. Davis, 269 F.3d 514, 518 (5th Cir. 2001).

This court reviews the district court's evidentiary rulings for abuse of discretion. United States v. Ismoila, 100 F.3d 380, 391 (5th Cir. 1996). In reviewing the district court's application of the residual hearsay exceptions, this court "will not disturb [the district court's ruling] absent a definite and firm conviction that the court made a clear error of judgment in the conclusion it reached based upon a weighing of the relevant factors." Page v. Barko Hydraulics, 673 F.2d 134, 140 (5th Cir. 1982). Based on the circumstances of this case, we cannot conclude that the district

court made a clear error of judgment in admitting the records containing the statements of BellSouth Mobility customers. See Ismoila, 100 F.3d at 391; Page, 673 F.2d at 140.

The district court also did not abuse its discretion in admitting, pursuant to FED. R. EVID. 404(b), the extrinsic evidence of uncharged crimes allegedly committed prior to the time period alleged in the indictment. See United States v. Guerrero, 169 F.3d 933, 943 (5th Cir. 1999). Edmonson's challenges to the Government's other evidence regarding his intent and to the credibility of its witnesses, as well as his denial of guilt, "increase[d] the incremental probity of the extrinsic evidence." United States v. LeBaron, 156 F.3d 621, 625 (5th Cir. 1998) (citation omitted). Furthermore, the district court minimized the danger of undue prejudice by twice instructing the jury that the evidence of Edmonson's extrinsic acts was admitted for the limited purpose of proving Edmonson's intent to commit the crimes charged in the indictment. See United States v. Posada-Rios, 158 F.3d 832, 871 (5th Cir. 1998).

Accordingly, the district court's judgment is AFFIRMED.