United States Court of Appeals
Fifth Circuit

**F I L E D**

November 3, 2004

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

———————

No. 03-50804

———————

WILLIAM MCCALL,

                    Petitioner - Appellant,

                    v.

DOUG DRETKE,
DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL JUSTICE,
CORRECTIONAL INSTITUTIONS DIVISION,

                    Respondent - Appellee.

———————————————————————————————————

Appeal from the United States District Court for the
Western District of Texas

———————————————————————————————————

Before DAVIS, GARZA, and PRADO, Circuit Judges.

EDWARD C. PRADO, Circuit Judge:

On May 4, 2000, William McCall pleaded guilty to felony driving while intoxicated ("DWI") in violation of TEX. PENAL CODE § 49.09(b). He was sentenced to ten years in prison. The charge against McCall was elevated from a misdemeanor DWI to a felony DWI because he had been convicted of previous DWI offenses in 1994 and in 1997.[1] In prison, McCall was notified that the Texas

———————————

[1]TEX. PENAL CODE § 49.09(b) provides in relevant part that "[a]n offense under Section 49.04 [which criminalizes driving while intoxicated] . . . is a felony of the third degree if it is shown on the trial of the offense that the person has previously been convicted: . . .(2) two times of any other offense relating to the operating of a motor vehicle while intoxicated . . . ."

-1-

Board of Pardons and Parole ("Board") intended to apply a 1996 sentencing statute, TEX. GOV'T CODE § 508.149, to him.  He petitioned the district court for habeas relief, arguing that the 1996 sentencing law should not apply to him because it was passed after his 1994 DWI conviction, which conviction was an element of his current felony DWI conviction.  The district court denied McCall's petition.  McCall challenges that determination in this appeal.  For the following reasons, we AFFIRM the district court's order denying McCall's petition.

**Procedural Background**

After his felony DWI conviction, McCall filed a state habeas petition, in which he argued that the Board had incorrectly applied TEX. GOV'T CODE § 508.149 to his case, rather than the earlier applicable sentencing statute.[2]  Section 508.149 gives the Board discretion to grant mandatory supervised release ("MSR") to prisoners when their good conduct time, added to their calendar time served, equals the time to which they were sentenced.  Previously, prisoners such as McCall were automatically entitled to MSR when their good conduct time, added to their calendar time served, equaled the time to which they had

_____

TEX. PENAL CODE ANN. § 49.09(b)(Vernon 2004).

[2]The earlier applicable sentencing statute is the Act of May 21, 1985, 69th Leg., R.S. ch. 427 § 2, 1985 Tex. Gen. Laws 1549–55, repealed by Act of May 8, 1997, 75th Leg., R.S. ch. 165, § 12.22, 1997 Tex. Gen. Laws 443.

been sentenced.[3]  The state court determined that McCall's claim was not cognizable in a post-conviction habeas application and that the Board had properly applied § 508.149 to his case.

McCall appealed to the Texas Court of Criminal Appeals, which denied relief without written order.  McCall then filed a habeas petition, pursuant to 28 U.S.C. § 2254, in federal district court.  In his federal habeas petition, he argues that the Board's application of § 508.149 to his case violates the due process and *ex post facto* clauses of the United States Constitution.  The district court denied McCall's petition and denied a certificate of appealability.  We granted a certificate of appealability on the issue of whether the application of § 508.149 to McCall's case constitutes an *ex post facto* violation. We now review that issue.

### DISCUSSION

**Justiciability**

Respondent argues that McCall does not have standing to bring this petition because this issue is not yet ripe for review.  For a case to fall within our jurisdiction it must be ripe for review and the plaintiff must have standing to bring his

---

[3] Act of May 21, 1985, 69th Leg., R.S. ch. 427, § 2, 1985 Tex. Gen. Laws 1549-55, repealed by Act of May 8, 1997, 75th Leg., R.S. ch. 165, § 12.22, 1997 Tex. Gen. Laws 443.

action.[4]  Standing and ripeness, which are essential components of federal subject matter jurisdiction, can be raised at any time by either party or by the court.[5]

To satisfy the standing requirement, a plaintiff must demonstrate: (1) an injury in fact; (2) that is traceable to the defendant's challenged conduct; and (3) that is likely to be redressed by a favorable decision of the district court.[6]  The injury must be "actual or imminent, not 'conjectural or hypothetical.'"[7] The party invoking federal jurisdiction bears the burden of establishing these elements.[8]

For an issue to be ripe for adjudication, "a plaintiff must show that he 'will sustain immediate injury' and 'that such injury would be redressed by the relief requested.'"[9]  "[I]f a threatened injury is sufficiently 'imminent' to establish

---

[4]*Delta Commercial Fisheries Ass'n v. Gulf of Mex. Fishery Mgmt. Council*, 364 F.3d 269,272 (5th Cir. 2004); *United Transp. Union v. Foster*, 205 F.3d 851, 857 (5th Cir. 2000).

[5]FED. R. CIV. P. 12(h)(3); *Allandale Neighborhood Ass'n v. Austin Transp. Study Policy Advisory Comm.*, 840 F.2d 258, 259-61 (5th Cir. 1988).

[6]*Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992).

[7]*Id.* (citing *Whitmore v. Arkansas*, 495 U.S. 149, 155 (1990)).

[8]*Id.* at 561.

[9]*Cinel v. Connick*, 15 F.3d 1338, 1341 (5th Cir. 1994) (quoting *Duke Power Co. v. Carolina Envtl. Study Group, Inc.*, 438 U.S. 59, 81 (1978)).

standing, the constitutional requirements of the ripeness doctrine will necessarily be satisfied."[10]

Respondent contends that McCall has not alleged an injury in fact because he is not yet eligible for MSR – that is, the actual calendar time he has served plus his accrued good conduct time does not yet equal the term to which he was sentenced. In response, McCall argues that the state has already labeled him a "Mandatory Supervision Prospect," meaning that his MSR is discretionary. McCall asserts that the fact that his MSR is discretionary has made his earned good conduct time meaningless, since the Board can opt not to count that time towards fulfillment of his sentence.

Since McCall filed his federal habeas petition on December 7, 2002, and his projected MSR date was not until June 11, 2004, he was not eligible for MSR when he filed his petition. However, the Board had earlier informed McCall that it had discretion to decide whether to grant him MSR. The harm asserted by McCall is the allegedly *ex post facto* application of § 508.149, which makes McCall's MSR discretionary, not the actual denial of MSR. Therefore, the harm to McCall became "actual" as soon as the Board indicated that his MSR was discretionary. Thus, the application of § 508.149 to McCall's case is not conjectural or

---

[10] *Nat'l Treasury Employees Union v. United States*, 101 F.3d 1423, 1428 (D.C. Cir. 1996).

hypothetical.

The other requirements of standing are easily met: the injury to McCall was clearly caused by the Board's actions, and this court can redress that injury by determining that § 508.149 is not applicable to McCall. Therefore, McCall's *ex post facto* claim meets the standing and ripeness requirements.

**Standard of Review**

McCall contends that the district court erred when it denied his § 2254 petition, finding that the Board had not violated the *ex post facto* clause. "On appeal from the denial of a § 2254 petition, this court reviews a district court's findings of fact for clear error, and it reviews a district court's conclusions of law *de novo*, applying the same standard of review to the state court's decision as the district court."[11]

<u>Federal habeas review</u>

When a federal district court reviews a § 2254 habeas petition, it must defer to the determination of the state court in any case adjudicated on the merits in state court proceedings.[12] A federal court may only overturn a state court's

---

[11]*Robertson v. Cain*, 324 F.3d 297, 301 (5th Cir. 2003).

[12]The Texas Court of Criminal Appeals denied McCall's state habeas application without written order. However, we have recognized that under Texas law, the denial of relief by the Court of Criminal Appeals serves as a denial on the merits. *Barrientes v. Johnson*, 221 F.3d 741, 779-80 (5th Cir. 2000). Therefore, we consider this case as having been adjudicated on the merits.

-6-

determination if that determination was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court," or if the state court's adjudication "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."[13]  A state court decision constitutes an unreasonable application of clearly established law if the "state court identifies the correct governing legal rule from this Court's cases but unreasonably applies it to the facts of the particular state prisoner's case."[14]  Further, any factual determinations by the state court are presumed to be correct, and the petitioner bears the burden of rebutting this presumption by clear and convincing evidence.[15]

Applicability of § 508.149

McCall contends that the Board violated the *ex post facto* clause by applying § 508.149, which dealt him a punishment (discretionary MSR) more severe than the punishment legislated when his crime occurred (automatic MSR upon good time and time served equaling sentence time).  Article I of the United States Constitution provides that no "ex post facto Law shall be

---

[13]28 U.S.C. § 2254(d).

[14]*Williams v. Taylor*, 529 U.S. 362, 407-08 (2000).

[15] 28 U.S.C. § 2254(e)(1).

-7-

passed."[16]  The imposition of a punishment more severe than that assigned when a criminal act occurred violates this clause.[17] "[L]egislative modifications to early release provisions or parole standards may violate the prohibition on ex post facto legislation if applied retroactively."[18]

"For an ex post facto violation to occur, two elements must be present: (1) a law must be retrospective, that is, it must apply to events occurring before its enactment, and (2) the new law must create a sufficient risk of increasing the punishment attached to the defendant's crimes."[19]  In this case, the new law – § 508.149 – creates a sufficient risk of increasing the punishment attached to McCall's crime.  Section 508.149 permits the Board to ignore McCall's good conduct time under specific circumstances, while the former law required the Board to count his good conduct time towards his total time served.  If § 508.149 is applied to McCall's case, he stands a significant chance of remaining in prison longer than if the older law were applied.  Therefore, the only issue remaining in the *ex post facto* analysis is whether § 508.149, as applied to McCall's case,

---

[16] U.S. CONST. art. I, § 9, cl. 3.

[17] *Warren v. Miles*, 230 F.3d 688, 692 (5th Cir. 2000).

[18] *Id.* (citing *Lynce v. Mathis*, 519 U.S. 433(1997)).

[19] *Warren*, 230 F.3d at 692 (citing *Cal. Dept. of Corrections v. Morales*, 514 U.S. 499, 509 (1995)).

is retrospective.

Statutory background

The MSR law formerly applicable to Texas prisoners required that the Board grant MSR when the calendar time served plus good conduct time equaled a prisoner's maximum sentence, unless the prisoner's conviction included an affirmative finding of use of a deadly weapon, or was imposed for certain listed offenses, or resulted in an enhanced punishment based on the drug-free zone statutes.[20] McCall's felony DWI was not a listed offense under this statute, his conviction did not include a finding of use of a deadly weapon, and his conviction did not result in an enhanced punishment based on the drug-free zone statutes. Thus, the former MSR statute would have applied to McCall's case and would have required that the Board grant him MSR as soon as his good conduct time and calendar time served equaled his 10-year sentence.

In 1995, the MSR rule was amended to substitute discretionary MSR for automatic MSR for certain prisoners.[21] This amendment became effective on September 1, 1996.[22] It

_____

[20] Act of May 21, 1985, 69th Leg., R.S. ch. 427 § 2, 1985 Tex. Gen. Laws 1549-55, repealed by Act of May 8, 1997, 75th Leg., R.S. ch. 165, § 12.22, 1997 Tex. Gen. Laws 443.

[21] Act of June 1, 1995, 74th Leg., R.S., ch. 263, 1995 Tex. Gen. Laws 2592 (current version at TEX. GOV'T CODE ANN. §§ 508.147, 508.149) (Vernon 1998)).

[22] *Id.*

provided that "[a] prisoner may not be released on mandatory supervision if a parole panel determines that the prisoner's accrued good conduct time is not an accurate reflection of the prisoner's potential for rehabilitation and that the prisoner's release would endanger the public."[23]

The amendment also contained a savings provision stating that the change in the law was to apply "only to a prisoner serving a sentence for an offense committed on or after the [September 1, 1996] effective date."[24] Under the terms of the amendment, an offense would be considered to have been committed before the statute's effective date if "any element of the offense occurr[ed] before the effective date."[25]

In 1997, the former MSR statute was repealed and the relevant provisions were moved to TEX. GOV'T CODE §§ 508.147 and 508.149.[26] The savings provision of the former MSR statute was incorporated into §§ 508.147 and 508.149, and thus remains applicable.[27]

Prior DWI conviction as element of felony DWI

McCall argues that his 1994 DWI conviction was an element of

---

[23]*Id.*

[24]*Id.*

[25]*Id.*

[26]*See* Act of May 8, 1997, 75th Leg., R.S. ch. 165, § 12.22, 1997 Tex. Gen. Laws 443.

[27]*Id.*

-10-

his recent DWI felony conviction and that, therefore, under the savings provision of the former MSR statute, his felony DWI conviction should be considered to have occurred before the effective date of change in the MSR rule. However, because this is a habeas petition, we are limited to examining the state court's ruling only to see if it is contrary to clearly established federal law.[28] Therefore, we cannot examine the issue of whether McCall's 1994 DWI conviction was an element of his DWI felony conviction under state law because doing so would require us to examine Texas's application of Texas law. Further, though McCall relies on Texas state cases examining the retroactivity of various sentencing statutes, we will only consider whether § 508.149, as applied to McCall, violates clearly established *ex post facto* law.

Section 508.149 altered the MSR provisions only for offenders who were convicted after September 1, 1996. The Board applied § 508.149 to McCall's case because it determined that although his felony DWI conviction required a finding that he had previously committed DWI offenses, his felony DWI itself was committed after September 1, 1996. The exact issue McCall presents has not yet been examined by this court. However, this court and other federal courts have examined analogous situations and found that they did not violate the *ex post facto*

---

[28]*See* 28 U.S.C. § 2254(e).

-11-

clause.[29]

In *Gryger v. Burke*,[30] the United States Supreme Court considered a defendant who was sentenced as a habitual offender based on a law that was enacted after his prior offense. The Court reasoned that: "[t]he sentence as a fourth offender or habitual criminal is not to be viewed as either a new jeopardy or additional penalty for the earlier crimes. It is a stiffened penalty for the latest crime, which is considered to be an aggravated offense because [it is] a repetitive one."[31] In *United States v. Ykema*,[32] the Sixth Circuit applied similar reasoning to uphold application of a statute that increased punishment based on prior conduct. The Sixth Circuit reasoned that the statute was permissibly applied to a defendant whose prior conduct occurred before the statute became effective

---

[29]*See Gryger v. Burke*, 334 U.S. 728, 732 (1948)(reviewing habitual offender statute); *United States v. Ykema*, 887 F.2d 697, 670 (6th Cir. 1989) (examining statute that enhanced punishment based on prior convictions); *United States v. Saenz-Forero*, 27 F.3d 1016 (5th Cir. 1994) (holding that use of a 1985 drug conviction to enhance defendant's sentence did not violate the *ex post facto* clause even though the drug conviction was not classified as an "aggravated felony" for enhancement purposes until 1988). These cases do not address statutes with savings clauses, but as explained earlier, this is irrelevant to our analysis because consideration of the savings clause in § 508.149 would involve examination of Texas's application of Texas law, which is beyond the scope of our habeas review.

[30]334 U.S. 728 (1948).

[31]*Id*. at 732.

[32] 887 F.2d 697, 700 (6th Cir. 1989).

"because the heavier penalty for the offense is not an additional punishment for the earlier behavior but is a statutorily authorized punishment for criminal conduct that has occurred after the passage of the law."[33]  Similarly, in *Perkins v. Cabana*,[34] we upheld application of a Mississippi habitual offender sentencing enhancement statute to defendants whose prior offenses occurred before the statute became effective.  We reasoned that:

> [the defendant's] retroactivity argument misses the mark.  The statute defines and fixes the punishment for future felony offenses.  That it does so in terms of past offenses does not punish or increase the punishment for those past offenses.  The State has done no more than classify felony recidivists in a different category for punishment purposes than the category provided for first felony offenders.  No person is exposed to the increased penalty unless he commits a felony after the enactment.[35]

The application of TEX. GOV'T CODE § 508.149 to McCall's case is similar to the sentence enhancements discussed above because McCall's punishment is based on the date of his most recent offense, which took place after the statute became effective, rather than based on the dates of his earlier offenses.  Discretionary MSR is best seen not as a secondary punishment for McCall's prior offenses, but as "a statutorily authorized punishment for criminal conduct that has occurred after the

---

[33]*Id.*

[34] 794 F.2d 168 (5th Cir. 1986).

[35]*Id.* at 169.

passage of the law."[36]  Section 508.149 applies to McCall's case because McCall's most recent offense took place after the statute became effective.  Like the Supreme Court in *Gryger*, we conclude that classifying McCall as a "Mandatory Supervision Prospect" under § 508.149 is not "an additional penalty for earlier crimes," but that it is "a stiffened penalty for the latest crime."[37]

## CONCLUSION

Because the state court did not violate clearly established federal law by upholding application of § 508.149 to McCall, the district court did not err in refusing to grant habeas relief on this basis.  Therefore, we AFFIRM the district court's judgment denying McCall's habeas petition.

AFFIRMED.

---

[36]*See Ykema*, 887 F.2d at 670.

[37]*See Gryger*, 334 U.S. at 732.

-14-