United States Court of Appeals
Fifth Circuit

**F I L E D**

**November 20, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

---

No. 05-30600
Summary Calendar

---

DARRELL JOHNSON,

Petitioner-Appellant,

versus

BURL CAIN, WARDEN, LOUISIANA STATE PENITENTIARY,

Respondent-Appellee.

--------------------
Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:04-CV-2916
--------------------

Before JOLLY, DENNIS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Darrell Johnson, Louisiana prisoner #258866, appeals from the denial of his 28 U.S.C. § 2254 petition. He challenges being sentenced as a multiple offender after his conviction for distribution of cocaine. The district court granted a certificate of appealability with respect to whether the trial court's adjudication of Johnson as a third felony offender (1) violated the Ex Post Facto Clause when applying the habitual offender 10-year cleansing period, and 2) due process of law based on insufficient evidence presented by the State.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

On habeas review, we review the district court's findings of fact for clear error and its legal conclusions de novo. Martinez v. Johnson, 255 F.3d 229, 237 (5th Cir. 2001). Where the petitioner's claim has been adjudicated on the merits by the state court, our review of the state court's decision is deferential under § 2254(d), and federal habeas relief cannot be granted unless the state court's adjudication either "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court, or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." See 28 U.S.C. § 2254(d)(1), (2); Miller-El v. Cockrell, 537 U.S. 322, 340, (2003); Hughes v. Dretke, 412 F.3d 582, 588-89 (5th Cir. 2005).

Louisiana's habitual offender statute provides enhanced penalties for second and subsequent convictions. See LA. REV. STAT. ANN. 15:529.1 (West 2005). Johnson's claim that application of the Louisiana habitual offender statute in his case violated the Ex Post Facto Clause is meritless because the relevant conviction for ex post facto purposes is Johnson's conviction for distribution of cocaine in 1998 and not his prior convictions. See Gryger v. Burke, 334 U.S. 728, 732 (1948); Perkins v. Cabana, 794 F.2d 168, 169 (5th Cir. 1986). Johnson has therefore not established that the state court's denial of his Ex Post Facto

Clause claim was contrary to clearly established federal law or that the state court's determination of the facts was unreasonable in light of the evidence before it. See § 2254(d)(1), (2).

Johnson argues that the State's evidence of his prior convictions in 1988 and 1991, which included the testimony of a latent fingerprint expert and copies of the bills of information, the docket masters, the plea forms, the minute entries, and the arrest registers for those convictions, was insufficient to adjudicate him as a third felony offender and that said adjudication therefore violated his due process rights. Johnson has failed to show that the state habeas court's denial of this claim was contrary to clearly established federal law or that the state court's determination of the facts was unreasonable in light of the evidence before it. See § 2254(d)(1), (2); Jackson v. Virginia, 443 U.S. 307, 319 (1979); Derden v. McNeel, 978 F.2d 1453, 1458 (5th Cir. 1992) (en banc); LA. REV. STAT. ANN. 15:529.1; State v. Payton, 810 So. 2d 1127, 1130-32 (La. 2002); State v. Shelton, 621 So. 2d 769, 779-80 (La. 1993).

Contrary to Johnson's assertions, the documentary evidence did show that, in connection with his 1988 and 1991 convictions, he was represented by counsel and that he was advised of his rights before pleading guilty. Moreover, with respect to his assertion that there was insufficient evidence of his discharge dates for the prior convictions, such evidence was not necessary

under state law because less than 10 years elapsed between Johnson's 1988 conviction and the 1990 commission of his subsequent predicate felony and less than 10 years elapsed between his 1990 conviction and the 1998 commission of his third offense.  See LA. REV. STAT. ANN. 15:529.1(C); State ex rel. Clark v. Marullo, 352 So. 2d 223, 230 (La. 1977); State v. Thomas, ___ So. 2d ___, 2006 WL 1575491, *7 (La. App. 2006); State v. Washington, 852 So. 2d 1206, 1211 (La. App. 2003); State v. Robinson, 831 So. 2d 460, 467 (La. App. 2002); State v. Humphrey, 694 So. 2d 1082, 1088 (La. App. 1997).  The district court's judgment is affirmed.  Johnson's motion for leave to file a reply brief out of time is granted.

AFFIRMED; MOTION GRANTED.