**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
April 1, 2009

Charles R. Fulbruge III
Clerk

No. 08-40680
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

HECTOR AGUIRRE-PINEDA

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:08-CR-122-1

Before SMITH, DeMOSS, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Hector Aguirre-Pineda appeals from his conviction of being found illegally in the United States following deportation in violation of 8 U.S.C. § 1326(a) and (b)(2). He contends that the 16-level adjustment to his offense level due to his 1999 conviction of harboring aliens violated the Ex Post Facto Clause because that same 1999 conviction resulted in a smaller adjustment to the offense level for a 2000 conviction of being found illegally in the United States following deportation.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

The Ex Post Facto Clause forbids Congress from enacting a law that "'imposes a punishment for an act which was not punishable at the time it was committed; or imposes additional punishment to that then prescribed.'" *Weaver v. Graham*, 450 U.S. 24, 28 (1981) (quoting *Cummings v. Missouri*, 71 U.S. 277, 325–26 (1866)). In most instances, the Sentencing Guidelines in effect at the time of conviction apply. However, the Guidelines provide that if their application would violate the Ex Post Facto Clause, the court must use the Guidelines in effect on the date the offense of conviction was committed. § 1B1.11(b)(1). For the Sentencing Guidelines to apply ex post facto, they must apply to events occurring before their enactment and must disadvantage the offender affected by their application. *See Wallace v. Quarterman*, 516 F.3d 351, 354 (5th Cir. 2008); *see also Miller v. Florida*, 482 U.S. 423, 430 (1987).

The relevant conviction for ex post facto purposes is the instant conviction of being found illegally in the United States on February 20, 2008, not any of Aguirre-Pineda's prior convictions. *See Perkins v. Cabana,* 794 F.2d 168, 169 (5th Cir. 1986); *see also United States v. Heredia-Cruz*, 328 F.3d 1283, 1290 (10th Cir. 2003). Any change in how a prior conviction is used to establish an offense level during the time in between one conviction and another thus would not violate the Ex Post Facto Clause. *See Perkins*, 794 F.2d at 169 ("No person is exposed to the increased penalty unless he commits a felony after the enactment."). There was no Ex Post Facto Clause violation in Aguirre-Pineda's case.

AFFIRMED.