**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
July 28, 2011

No. 10-41120
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

MANUEL ANTONIO ROSALES-MIRANDA,

Defendant - Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 1:10-CR-838-1

Before GARZA, SOUTHWICK, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Manuel Antonio Rosales-Miranda appeals the 13-month sentence imposed following his guilty plea conviction of one count of being illegally present in the United States after deportation. He argues the district court plainly erred in applying a four-level enhancement under U.S.S.G. § 2L1.2(b)(1)(D) because his Virginia conviction of assault of a police officer was not a felony for purposes of that section. To demonstrate plain error, Rosales-Miranda must show a forfeited error that is clear or obvious and that affects his substantial rights. *See Puckett*

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 10-41120

*v. United States*, 129 S. Ct. 1423, 1429 (2009). If he makes such a showing, this court may correct the error when it "seriously affects the fairness, integrity or public reputation of judicial proceedings." *Id.* (quotation marks, brackets, and citation omitted).

If the defendant was previously deported after "a conviction for any other felony," his offense level is increased by four levels. U.S. Sentencing Guidelines Manual § 2L1.2(b)(1)(D). "Felony" is defined as "any federal, state, or local offense punishable by imprisonment for a term exceeding one year." *Id.* § 2L1.2 cmt. n.2.

As Rosales-Miranda acknowledges, he was convicted under Section 18.2-57(C) of the Virginia Code, which makes the offense of assault on a law enforcement officer a Class 6 felony. Va. Code § 18.2-57(C). Section 18.2-10(f) of the Virginia Code provides that a Class 6 felony is punishable by "a term of imprisonment of not less than one year nor more than five years," but the statute allows imposition of a sentence of "confinement in jail for not more than 12 months" in the discretion of the trial court or the jury. *Id.* § 18.2-10(f). Rosales-Miranda, who was sentenced to a six-month period of detention in the Fairfax County Detention Center, relies on Section 18.2-10(f) to argue that his conviction was not a felony for purposes of Section 2L1.2(b)(1)(D) as the maximum term of confinement for his offense does not exceed one year.

"Absent mandatory minimum sentences . . . Class 6 felonies are generally punishable by no less than one and no more than five years imprisonment." *Rawls v. Commonwealth*, 634 S.E.2d 697, 703 n.8 (Va. 2006) (citing § 18.2-10). Although the Virginia trial court had the discretion to impose a jail sentence of no more than 12 months, under the plain language of Section 18.2-10 Rosales-Miranda's Virginia offense was punishable by a maximum of five years of imprisonment. The offense in question was therefore a felony for purposes of Section 2L1.2(b)(1)(D). *See* U.S. Sentencing Guidelines Manual § 2L1.2 cmt. n.2.

Ramirez has failed to show error, plain or otherwise, in the application of the Section 2L1.2(b)(1)(D) enhancement.

Rosales-Miranda also claims that his trial counsel was ineffective for failing to object to the enhancement. As the previous discussion illustrates, an objection to application of the enhancement under Section 2L1.2(b)(1)(D) would have been meritless. Counsel is not ineffective for failing to make a meritless objection. *See Clark v. Collins*, 19 F.3d 959, 965-66 (5th Cir. 1994). Further, because an objection would have been unsuccessful, Rosales-Miranda fails to establish the required prejudice. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984). Rosales-Miranda has failed to show that his trial attorney was ineffective. *See United States v. Saenz-Forero*, 27 F.3d 1016, 1021 (5th Cir. 1994).

AFFIRMED.