# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

———

No. 15-10041

———

In re: DAVID JOE KERNS,

United States Court of Appeals
Fifth Circuit

**FILED**

November 13, 2015

Lyle W. Cayce
Clerk

Movant

———

Motion for an order authorizing
the United States District Court for the
Northern District of Texas, to consider
a successive 28 U.S.C. § 2255 motion

———

----------------------------------------

Consolidated With
Case No. 15-10072

DAVID JOE KERNS,

Petitioner-Appellant

v.

WILLIAM STEPHENS, DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL
JUSTICE, CORRECTIONAL INSTITUTIONS DIVISION,

Respondent-Appellee

———

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:13-CV-5014

———

Before DAVIS, JONES, and HAYNES, Circuit Judges.

No. 15-10041
c/w No. 15-10072

PER CURIAM:[*]

David Joe Kerns, Texas prisoner # 243903, who is serving four life sentences for murder, moves this court for a certificate of appealability (COA) seeking to appeal the district court's decision to transfer his postconviction application to this court based on its determination that the application amounted to an unauthorized successive 28 U.S.C. § 2254 application. He has also moved this court for authorization to file a successive § 2254 application, seeking to raise claims that (1) the Texas Department of Criminal Justice has mischaracterized his indeterminate sentences of five years to life as determinate life sentences; (2) he is entitled to be released from prison because, he says, his good time credit added to the time he has served is sufficient to discharge his indeterminate sentences; (3) the retroactive application of the rules regarding the use of good time credits to offset his sentences violates the Due Process and Ex Post Facto Clauses; and (4) the failure to characterize his sentences as indeterminate sentences and to apply good time credits to the sentences constitutes cruel and unusual punishment. These are the same claims that he presentenced in his application in the district court.

A prisoner need not obtain a COA to appeal a district court's transfer order. *United States v. Fulton*, 780 F.3d 683 (5th Cir. 2015), *cert. denied*, 2015 WL 5772739 (Nov. 2, 2015) (No. 15-6348). Accordingly, we address the merits of Kerns's argument that the district court erroneously transferred the application to this court. A prisoner seeking to file a second or successive § 2254 application in the district court must first receive authorization from this

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

court.  28 U.S.C. § 2244(b)(3)(A).  A district court lacks jurisdiction to consider a successive application if the prisoner has not received this court's authorization to file it.  *Crone v. Cockrell*, 324 F.3d 833, 836 (5th Cir. 2003).

Kerns maintains that his claims challenge the manner that his sentences are being executed and thus, he asserts, arise under 28 U.S.C. §2241. However, a state prisoner who wishes to challenge prison officials' calculation of his sentence must do so in a § 2254 application.  *See Whitehead v. Johnson*, 157 F.3d 384, 386 n.1 (5th Cir. 1998); *McGary v. Scott*, 27 F.3d 181, 183 (5th Cir. 1994).

Additionally, Kerns argues that he could not have brought his claims in his first § 2254 application because, he says, he only recently learned that his sentences were indeterminate and he became entitled to release only after he filed his first application.  His proposed application is nonetheless successive. Judgment was entered against Kerns in 1974, and so he knew or could have known of the nature of his sentences at that time.  Moreover, in Kerns's prior § 2254 application, he alleged that his good time credits were not being applied to his sentences, so he knew by then how the Texas Department of Criminal Justice was executing his sentences.  Therefore, he knew or could have known all of the facts necessary to raise his proposed claims in his earlier application. *See Leal Garcia v. Quarterman*, 573 F.3d 214, 220 (5th Cir. 2009); *see also McCall v. Dretke*, 390 F.3d 358, 362 (5th Cir. 2004) (explaining that a prisoner suffers actionable harm and thus may bring a § 2254 application when authorities determine his eligibility for release and he need not wait until he would otherwise be eligible for release).  Accordingly, the district court properly determined that it lacked jurisdiction over Kerns's unauthorized successive

No. 15-10041
c/w No. 15-10072

§ 2254 application and did not err in transferring it to this court.  *See Fulton*, 780 F.3d at 685-86.

In his motion for authorization to file a successive § 2254 application, Kerns points to no new rule of constitutional law that would support his proposed claims.  *See* § 2244(b)(2)(A).  He does, however, identify an arguably new fact supporting his proposed claims.  *See* § 2244(b)(2)(B)(i).  He explains that he first learned in 2013, when he obtained copies of his judgments, that his sentences were indeterminate sentences of five years to life rather than simply life sentences.  However, he does not explain how he could not have learned of the 40-year-old judgments sooner through the exercise of due diligence.  *See* § 2244(b)(2)(B)(i).  Thus, he has not made the required prima facie showing necessary to receive authorization to file his proposed successive application.  *See* § 2244(b)(2), (3)(C).

Kerns's motion for a COA is DENIED as UNNECESSARY.  His motion for authorization to file a successive § 2254 application, two motions for judicial notice, and motion for hearing en banc are DENIED.  The district court's transfer order is AFFIRMED.