# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-51171
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

November 16, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JACOB RUSSELL,

Defendant-Appellant

Appeals from the United States District Court
for the Western District of Texas
USDC No. 7:16-CR-152-1

Before KING, ELROD, and HIGGINSON, Circuit Judges.

PER CURIAM:*

Before the court is Jacob Russell's appeal of his sentence for obstructing justice through retaliation against a witness, victim, or informant, a violation of 18 U.S.C. § 1513(b)(2). In sentencing Russell, the district court assessed the eight-level enhancement under U.S.S.G. § 2J1.2(b)(1)(B), which applies "[i]f the offense involved causing or threatening to cause physical injury to a person, or property damage, in order to obstruct the administration of justice."

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

§ 2J1.2(b)(1)(B).  The district court assessed the § 2J1.2(b)(1)(B) enhancement based on a threatening letter Russell admitted writing to a person he believed cooperated with law enforcement in Russell's earlier federal case for conspiracy to possess with intent to distribute crack cocaine.

In his first argument, Russell contends that the § 2J1.2(b)(1)(B) enhancement was inapplicable because he did not write the threatening letter in order to obstruct the administration of justice, as he did not write the letter until after he had been sentenced in the conspiracy case.  According to Russell, the letter could not have constituted an act of obstruction of justice absent a pending judicial proceeding that the letter was intended to affect.

We review the district court's application of the Sentencing Guidelines de novo and the district court's factual findings for clear error.  *United States v. Salazar*, 542 F.3d 139, 144 (5th Cir. 2008).  We may affirm a guidelines enhancement based on any ground supported by the record.  *United States v. Garcia-Gonzalez*, 714 F.3d 306, 314 (5th Cir. 2013).  We do not reach Russell's argument that § 2J1.2(b)(1)(B) requires a nexus to a proceeding that was pending, as Russell's letter indicates that he threatened the intended recipient of the letter during the months before Russell's sentencing in the conspiracy case.  Accordingly, Russell has not shown that the district court erred in applying the § 2J1.2(b)(1)(B) enhancement.

Russell also claims that his trial counsel provided ineffective assistance by failing to object in writing that the § 2J1.2(b)(1)(B) enhancement was inapplicable because Russell wrote the letter after his conspiracy case had concluded.  Russell presented that objection orally at sentencing, and the district court overruled it.  Because the record is sufficiently developed to show that Russell cannot demonstrate prejudice from the absence of a written objection by counsel, Russell's ineffective assistance claim is denied.  *See*

No. 16-51171

*Strickland v. Washington*, 466 U.S. 668, 687, 694 (1984); *United States v. Saenz-Forero*, 27 F.3d 1016, 1021 & n.7 (5th Cir. 1994).

AFFIRMED.