# UNITED STATES COURT OF APPEALS

# FOR THE FIFTH CIRCUIT

---

No.96-50546

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOSE LUIS HERRERA-SOLORZANO,

Defendant-Appellant.

**(consolidated with)**

---

96-50548

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RIGOBERTO ALTAMIRANO-LOPEZ,
also known as Ernesto Ochoa-Lopez,

Defendant-Appellant.

---

Appeals from the United States District Court
for the Western District of Texas

May 20, 1997

Before POLITZ, Chief Judge, DEMOSS, Circuit Judge, and JUSTICE,[*] District

---

[*]United States District Judge, Eastern Distict of Texas, sitting by designation.

Judge.

POLITZ, Chief Judge:

Jose Luis Herrera-Solorzano and Rigoberto Altamirano-Lopez appeal their sentences following convictions for illegal reentry into the United States.[2] Concluding that the district court erred in sentencing Altamirano and in the imposition of special assessments, we affirm in part and vacate and remand in part.

## BACKGROUND

In separate prosecutions Herrera and Altamirano pleaded guilty to the charge of illegal reentry into the United States. Each had been deported after burglary convictions in Texas state court. The district court increased both of their offense levels by 16 on a finding that their prior state court convictions qualified as aggravated felonies.[3] Herrera was sentenced to 51 months in prison and three years of supervised release, and the court imposed a $100 special assessment. Altamirano was sentenced to 70 months in prison and three years of supervised release, and the court imposed a $100 special assessment. Both timely appealed. We consolidated the appeals for purposes of appellate disposition.

## ANALYSIS

1. Sentence Adjustment

Section 2L1.2 of the sentencing guidelines provides for an increase of 16 levels for an illegal reentry conviction if the alien was convicted of an aggravated felony prior

_____

[2] 8 U.S.C. § 1326.

[3] U.S.S.G. § 2L1.2.

2

to deportation. Herrera and Altamirano contend that because their state court felonies were committed before the effective date of amendments expanding the definition of aggravated felony, the district court erred in applying that definition to them. That argument is foreclosed by our decision in **United States v. Garcia-Rico**[4] in which we held that the date of illegal reentry -- not the date of the underlying offense -- is the relevant date for determining the definition of aggravated felony applicable for purposes of sentence enhancement. Herrera and Altamirano illegally reentered the United States after the effective date of the amendments and, therefore, the district court did not err in employing the broader definition of aggravated felony.

Altamirano alternatively contends that his prior state court conviction does not qualify as an aggravated felony because he was not sentenced to a term of imprisonment. An aggravated felony includes a crime of violence for which the term of imprisonment imposed -- regardless of any suspension of imprisonment -- is at least five years.[5] The Texas state court judgment states that Altamirano was to be:

> punished by confinement . . . for TEN (10) YRS A/P [Adult Probation] . . . . The imposition of the above sentence (and fine) is suspended and the Defendant is placed on adult probation.

We have found an almost identical Texas state court judgment to satisfy the aggravated felony requirement that the defendant be sentenced to a term of

---

[4]46 F.3d 8 (5th Cir.), cert. denied, 115 S. Ct. 2596 (1995).

[5]U.S.S.G. § 2L1.2 commentary n. 7 (citing 8 U.S.C. § 1101(a)(43)). Section 1101(a)(43) has since been amended to define an aggravated felony as, inter alia, a crime of violence for which the term of imprisonment is at least one year.

imprisonment of at least five years.[6] Unlike the judgment in **Vasquez-Balandran,** however, the judgment in the case at bar contains a reference to adult probation next to the term of confinement, which suggests that the state court may have been directly sentencing Altamirano to ten years of adult probation. That distinction carries significance because if Altamirano was placed on probation without first being sentenced to prison, his prior conviction does not constitute an aggravated felony.[7]

The district court, however, found that the state court conviction qualifies as an aggravated felony. The burden is on the party seeking to adjust the sentence level to prove "by a preponderance of the relevant and sufficiently reliable evidence the facts necessary to support the adjustment."[8] The sole evidence before the district court was the state court judgment. That judgment standing alone is not sufficient to meet the government's evidentiary burden. The state court judgment is inconsistent on its face. Read literally it purports to sentence Altamirano to confinement by placing him on adult probation for ten years. From the language of the sentence alone it is not possible to discern with the required certainty whether the state court intended to assess a term of imprisonment and suspend imposition thereof, or to place Altamirano directly on probation. The district court erred in failing to put the government to its burden of proving, by a preponderance of the evidence, that Altamirano indeed was sentenced to

---

[6]**United States v. Vasquez-Balandran**, 76 F.3d 648 (5th Cir. 1996).

[7]**Id.** at 650 ("Texas did (and still does) have a provision that allowed a defendant to be placed on probation (now 'community supervision') without first assessing a term of imprisonment.") (citing Tex.Code Crim.P. art. 42.12 § 5(a)).

[8]**United States v. Alfaro**, 919 F.2d 962, 965 (5th Cir. 1990).

4

a prison term of at least five years. Accordingly, we affirm Herrera's sentence but vacate the sentence imposed on Altamirano and remand for resentencing consistent herewith.

   2. Special Assessments

   When Herrera and Altamirano illegally reentered the country there was a $50 special assessment imposed by statute upon any person convicted of a felony. The Antiterrorism and Effective Death Penalty Act,[9] which was passed after both Herrera and Altamirano made their illegal reentries, increased the special assessment for a felony to $100.[10] The government concedes that the district court incorrectly imposed a $100 special assessment for offenses committed prior to the effective date of the AEDPA. We therefore vacate the imposition of the $100 special assessments and remand so that the district court may impose $50 special assessments on Herrera and Altamirano.

   AFFIRMED in part, VACATED AND REMANDED in part.

---

[9]Pub. L. No. 104-132, 110 Stat. 1214 (1996).

[10]18 U.S.C. § 3013(a)(2)(A).