IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-20283
Conference Calendar
_____


UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

JOEL FERNANDEZ-MARTINEZ,

                                        Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-99-CR-594-1
--------------------
October 17, 2000

Before SMITH, BARKSDALE, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

     Joel Fernandez-Martinez (Fernandez) appeals his sentence following a guilty-plea conviction for illegally reentering the United States in violation of 8 U.S.C. § 1326(A).  We affirm.

     Fernandez concedes that the Supreme Court's decision in Almendarez-Torres v. United States, 523 U.S. 224, 235 (1998), forecloses his argument that his prior conviction for an aggravated felony is an element of the offense that must be alleged in the indictment, but he raises the issue to preserve it

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

for review in the Supreme Court. This issue provides no basis for relief.

Fernandez also contends that the sentence imposed by the state court was one of probation rather than imprisonment and, therefore, does not constitute an aggravated felony for purposes of the 16-level increase under U.S.S.G. § 2L1.2(b). Whether the Sentencing Guidelines apply to a prior conviction is an issue of law which we review *de novo*. See <u>United States v. Vasquez-Balandran</u>, 76 F.3d 648, 649 (5th Cir. 1996). The Government has the burden of proving, by a preponderance of the evidence, the facts supporting an offense-level increase. See <u>United States v. Herrera-Solorzano</u>, 114 F.3d 48, 50 (5th Cir. 1997). A conviction resulting in a suspended sentence satisfies the definition of an aggravated-felony conviction whereas a conviction resulting in a sentence of probation only does not. <u>See</u> <u>id.</u>

The Texas judgment at issue provides that Fernandez was sentenced to "4 yrs TDC probated and $750.00 fine." The judgment also contains the stamped notation "Imposition of Sentence Suspended and Defendant placed on Probation for a period of 4 years, pending abiding by the Conditions of Probation."

The judgment at issue is distinguishable from that in <u>Herrera-Solorzano</u> because the phrase "4 yrs TDC probated," indicates a sentence of imprisonment, unlike the phrase "TEN (10) years A/P [Adult Probation]" in the <u>Herrera-Solorzano</u> judgment, which indicated a sentence of probation. This reading of Fernandez's judgment is further supported by the provision therein that "the Court assessed the punishment at *confinement* in

the Texas Department of Corrections for the period indicated above." (emphasis added).

For the foregoing reasons, we affirm the sentence imposed by the district court.

AFFIRMED.