IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-40879
Summary Calendar
_____

UNITED STATES OF AMERICA,

                              Plaintiff-Appellee,

versus

JESUS GARCIA, JR.,

                              Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. M-01-CR-152-1
--------------------
June 21, 2002

Before DAVIS, BENAVIDES and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Jesus Garcia, Jr., appeals from his conviction and sentence following his guilty plea to possession with intent to distribute marijuana.  He argues that (1) the district court reversibly erred in failing to rule on his motion for downward departure, as required by FED. R. CRIM. P. 32(c)(1); (2) the district court committed plain error when it found that his prior narcotics convictions were "controlled substances offenses" which triggered

_____

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

the career offender sentencing enhancement; and (3) 21 U.S.C. § 841 (a)&(b) is facially unconstitutional.

At sentencing, the district court addressed Garcia's argument regarding the confidential informant, which was raised in connection only with his motion for downward departure based on exceptional circumstances, and granted a downward departure on other grounds. We find that implicit in the judgment and in the district court's reasons for judgment was its determination that Garcia's recruitment by a confidential informant was not an exceptional circumstance which warranted an additional downward departure. See, e.g., United States v. McCormick, 54 F.3d 214, 220-21 (5th Cir. 1995). Therefore, if the motion for downward departure constituted a "matter controverted" within the meaning of FED. R. CRIM. P. 32(c)(1), it was resolved by the district court.

We further hold that it was not plainly erroneous for the district court to find that Garcia's state narcotics convictions were "controlled substance offenses." First, the convictions were facially consistent with the definition of a "controlled substance offense." See U.S.S.G. § 4B1.2(b); cf. United States v. Herrera-Solorzano, 114 F.3d. 48, 50 (5th Cir. 1997). Second, Garcia did not object on that basis or provide any evidence in rebuttal; therefore, the Government was not required to present proof beyond the presentence report that these convictions satisfied U.S.S.G. § 4B1.2(b), and the district court was

entitled to rely on the presentence report.  See <u>United States v.
Huerta</u>, 182 F.3d 361, 364 (5th Cir. 1999).

Finally, Garcia correctly concedes that the issue whether 21
U.S.C. § 841(a)&(b) is facially unconstitutional is foreclosed by
<u>United States v. Slaugther</u>, 238 F.3d 580, 582 (2000), <u>cert.
denied</u>, 532 U.S. 1045 (2001).  He raises the issue only to
preserve it for further review.  This court is bound by its
precedent absent an intervening Supreme Court decision or a
subsequent en banc decision.  See <u>United States v. Short</u>, 181
F.3d 620, 624 (5th Cir. 1999).

AFFIRMED.