United States Court of Appeals
Fifth Circuit

**F I L E D**

**December 5, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 03-20235
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

OSCAR RENE CANO-BENAVIDES,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-02-CR-176-ALL
--------------------

Before BARKSDALE, EMILIO M. GARZA, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Oscar Rene Cano-Benavides was convicted following a bench trial for being found in the United States, on December 11, 2001, following deportation, in violation of 8 U.S.C. § 1326(a). Cano has appealed his conviction.

Cano contends that the district court erred in refusing to dismiss the indictment on the ground that the five-year statute of limitations had expired because he was first "found in" the United States on October 24, 1994, the date on which his sister filed a

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

visa petition on his behalf.  Cano contends also that the district court erred in denying his request that the jury be required to determine when he was "found in" the United States.

Under 8 U.S.C. § 1326(a), it is a crime for an alien who has been deported to be "found" in the United States.  In United States v. Santana-Castellano, 74 F.3d 593, 598 (5th Cir. 1996), we held that "a previously deported alien is 'found in' the United States when his physical presence is discovered and noted by the immigration authorities, and the knowledge of the illegality of his presence, through the exercise of diligence typical of law enforcement authorities, can reasonably be attributed to the immigration authorities."  "[T]he five-year statute of limitations under 8 U.S.C. § 1326 begins to run at the time the alien is 'found,' barring circumstances that suggest that the INS should have known of his presence earlier . . . ."  Id.  The district court's fact findings are reviewed for clear error and its legal conclusions are reviewed de novo.  See United States v. Wilson, 322 F.3d 353, 359 (5th Cir. 2003).

Cano argues that the visa petition notified the Immigration and Naturalization Service ("INS") of his presence in the United States and that the form provided sufficient information from which the INS could have determined the illegality of his status.  He contends that it was not reasonable for the INS to fail to discover the illegality of his presence in the United States.

But, in the visa petition, Cano's sister did not disclose Cano's previous deportation nor his identification number as requested. Because of these ambiguities in the visa petition, Cano cannot show that his presence in the United States was actually "discovered and noted by immigration authorities." See Santana-Castellano, 74 F.3d at 598. The district court's finding that the INS did not have actual knowledge that Cano was the intended beneficiary of the visa petition was not clearly erroneous.

A defendant is entitled to a jury instruction "as to any recognized defense for which there exists evidence sufficient for a reasonable jury to find in his favor." United States v. Branch, 91 F.3d 699, 711-12 (5th Cir 1996). Based on the failure of the visa petition to clearly identify Cano, the district court did not err in finding that, as a matter of law, Cano was not "found" by the INS by virtue of the petition. For those reasons, the district court did not err in refusing to dismiss the indictment because the limitation period had run or in refusing to require the jury to determine the "found in" date.

Cano contends that the district court erred in failing to dismiss the indictment because his 1986 conviction for delivery of heroin, for which his sentence was enhanced under 8 U.S.C. § 1326(b), was not defined by Title 8 as an "aggravated felony" at the time the offense was committed. The court rejected the same argument in United States v. Saenz-Forero, 27 F.3d 1016, 1018-22 (5th Cir. 1994) (analyzing issue under Ex Post Facto Clause).

Thereafter, by § 321(b) of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996, Pub. L. No. 104-208, 110 STAT. 3009 (1997) ("IIRIRA"), Congress amended the statutory "aggravated felony" definition to clarify that the definition "applies regardless of whether the conviction was entered before, on, or after September 30, 1996."  See 8 U.S.C. § 1101(a)(43).  The amended definition applies "to actions taken on or after the [enactment date of the IIRIRA], regardless of when the conviction occurred, and shall apply under section 276(b) of the Immigration and Nationality Act [8 U.S.C. § 1326(b)] only to violations of section 276(a) of such Act occurring on or after such date." IIRIRA § 321(c).  The violation in this case occurred on December 11, 2001, after the effective date of IIRIRA § 321.  Accordingly, the amendment to 8 U.S.C. § 1101(a)(43) is applicable.  See United States v. Herrera-Solorzano, 114 F.3d 48, 50 (5th Cir. 1997).  The district court did not err in refusing to dismiss the indictment because Cano's prior conviction was not defined as an "aggravated felony" at the time it was committed.  The conviction is

   AFFIRMED.