IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 06-41135

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ARTHUR MARCUS BOYD,

Defendant-Appellant.

Appeal from the United States District Court for
the Eastern District of Texas
(USDC No. 4:05-CR-00077)

Before REAVLEY, GARZA, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Arthur Marcus Boyd ("Boyd") appeals his conviction and sentence for mailing

threatening communications in violation of 18 U.S.C. § 876(d).  We affirm for the

following reasons:

1.  Boyd contends that the letters at issue were copies, and thus were erroneously

admitted at trial.  According to the government and the victims, the letters were the

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

originals received by the victims. Boyd himself had apparently copied the letters before mailing them. Because the district court properly determined that the letters admitted into evidence were the originals, Boyd's argument fails.

2. Boyd also argues that the district court erred in limiting cross-examination of the government's witnesses and excluding evidence concerning the estate of Boyd's father. Because the handling of Boyd's father's estate was irrelevant as to whether Boyd had mailed threatening letters, this argument also fails. *See* FED. R. EVID. 401.

3. Boyd contends that the evidence adduced at trial was insufficient to support his conviction. We review the sufficiency of the evidence to support a conviction by determining "whether, viewing the evidence presented and the inferences reasonably drawn therefrom in the light most favorable to the government, any rational trier of fact properly could have found each element of the crime beyond a reasonable doubt." *United States v. Robles-Pantoja*, 887 F.2d 1250, 1254 (5th Cir. 1989) (internal quotation omitted).

Boyd was charged under 18 U.S.C. § 876(d), which provides that:

Whoever, with intent to extort from any person any money or other thing of value, knowing so deposits or causes to be delivered . . . any communication, with or without a name or designating mark subscribed thereto, addressed to any other person and containing any threat to injure the . . . reputation of the addressee or of another. . .

has violated the law. In this case, first, federal agents testified that Boyd admitted to them that the writing in the letters was his and that he mailed the letters, and the letters

2

contained his printed signature; and second, the letter writer threatened to spread fliers throughout the town saying that the victims were, for example, "liars and thieves" unless the victims gave him money, and the letters contained examples of such fliers. Thus, Boyd's conviction was supported by sufficient evidence. Boyd argues that his prosecution violates the First Amendment. However, Boyd is not being prosecuted for displaying the signs or distributing the fliers, but for attempting to extort money from others. The First Amendment does not protect extortion.

4. Finally, Boyd challenges the district court's enhancement of his sentence under U.S.S.G. §3A1.2(a). That provision provides for a three level enhancement if the victim was a government officer or employer and the offense was motivated by that status.

Boyd argues that his crime was motivated not by Judge Nall's status as a judge, but because Boyd believed that Judge Nall mishandled his father's estate. The district court found that Boyd's extortion attempts were in part motivated by Nall's status as a judge, and thus enhanced Boyd's sentence.

We review the district court's sentence for reasonableness. *United States v. Mares*, 402 F.3d 511, 520 (5th Cir. 2005). Boyd addressed several of his letters to "Judge Rim Nall." Many of the fliers that Boyd sent to the victims referred mainly to Nall, including phrases like "Crooked Judge Rim Nall Bribes;" "Watch As Christian Judge Transforms Himself Into A Snake Before Your Very Eyes;" and "[o]ne of these crooks is Rim Nall and he's sitting as a judge sending people the [sic] prison for stealing

3

less than he has. Sherman should know." He also included pictures of a truck pulling a flatbed trailer with a large sign labeled "Crooked Judge Rim Nall Bribes." Although Boyd was undoubtedly motivated in part by what he saw as Nall's wrongful handling of his father's estate, because of Boyd's constant reiteration of the fact that Nall was a judge, and his attempts to extort money from Nall based on the fact that Nall was a judge, it is reasonable to infer that Boyd was also motivated by Nall's status as a judge in the community. Therefore, the district court did not err by enhancing Nall's sentence. AFFIRMED.