# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**
February 5, 2014

Lyle W. Cayce
Clerk

No. 13-30260
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

LUIS MUNGUIA,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 1:12-CR-163-1

Before REAVLEY, JONES, and PRADO, Circuit Judges.

PER CURIAM:[*]

Luis Munguia appeals the sentence imposed following his guilty plea conviction for assaulting a government officer and inflicting bodily injury upon the officer, in violation of 18 U.S.C. § 111(a)(1) and (b). The district court sentenced Munguia to 120 months of imprisonment and three years of supervised release. Munguia challenges the district court's application of the six-level enhancement in U.S.S.G. § 3A1.2(b), which applies when the victim

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

of the offense is a government officer and the defendant was motivated by the victim's status as a government officer in committing the offense.

First, Munguia contends that there was no evidence that he was motivated by the victim's status as a government officer. Rather, he argues the offense was motivated by a personal dispute because he disagreed with the victim's attempt to remove him from an area and would have reacted the same way to another person's attempt to remove him. This argument is unavailing. The sole reason the assault arose was because the victim was performing his duties as a correctional officer. Accordingly, the district court's finding that Munguia's assault was motivated by the correctional officer's status as a government officer was plausible in light of the record read as a whole and not clearly erroneous. *See United States v. Williams*, 520 F.3d 414, 422, 424 (5th Cir. 2008).

Next, Munguia contends that the district court engaged in impermissible double-counting of the victim's status as a government officer because the victim's status is also an element of his offense of conviction. Munguia's reliance on *United States v. John*, 309 F.3d 298 (5th Cir. 2002), is misplaced. While the victim's status as a government officer is an element of the offense of conviction, *see* § 111, the base offense level for the applicable offense guideline, § 2A2.2(a), does not incorporate the official status of the victim. *See United States v. Kings*, 981 F.2d 790, 792-94 (5th Cir. 1993); *United States v. Kleinebreil*, 966 F.2d 945, 955 (5th Cir. 1992); c*f. John*, 309 F.3d at 306.

Munguia's double-counting argument fails for the alternative reason that double-counting is prohibited only if the relevant Guideline expressly forbids it. *See United States v. Calbat*, 266 F.3d 358, 364 (5th Cir. 2001). Neither § 2A2.2 nor § 3A1.2 expressly prohibit double-counting in the circumstances of the instant case. *See* § 2A2.2 cmt. n.4, background. For the

aforementioned reasons, the district court did not engage in impermissible double-counting of the victim's status as a government officer by applying the six-level enhancement in § 3A1.2(b).

The judgment of the district court is AFFIRMED.