# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 15-10047
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

September 21, 2015

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JOSE RODRIGUEZ-MARTINEZ, also known as Jose Martinez Rodriguez, also known as Emmanuel Rodriguez-Barrera,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:14-CR-309

Before SMITH, BENAVIDES, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Jose Rodriguez-Martinez pleaded guilty to illegal reentry after deportation and was sentenced to 52 months of imprisonment with no term of supervised release. He appeals his sentence, arguing that the district court plainly erred in applying the 16-level enhancement under U.S.S.G. § 2L1.2 based on a prior conviction for a crime of violence. Rodriguez-Martinez

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

concedes that the plain error standard of review applies because he did not preserve this issue by objection in the district court. *See Puckett v. United States*, 556 U.S. 129, 134-35 (2009).

The Government has the burden of proving "by a preponderance of the relevant and sufficiently reliable evidence the facts necessary to support the adjustment." *See United States v. Herrera-Solorzano*, 114 F.3d 48, 50 (5th Cir. 1997) (internal quotation omitted). The issue we must decide is whether the documents submitted by the Government are sufficient to prove the fact of Rodriguez-Martinez's offense of conviction, whether it was assault with a deadly weapon under Texas Penal Code § 22.02, which is a crime of violence, or whether it was simple assault under Texas Penal Code § 22.01, which is not a crime of violence.

The district court relied on the order of deferred adjudication, the judicial confession, and the order adjudicating guilt. The documents relied on by the district court were reliable and sufficient to prove by a preponderance of the evidence that Rodriguez-Martinez was previously convicted of aggravated assault with a deadly weapon, a crime of violence. Rodriguez-Martinez has failed to show a clear or obvious error in the district court's conclusion that he committed a crime of violence and so has failed to show that the district court plainly erred. *See United States v. Rodriguez*, 523 F.3d 519, 524 (5th Cir. 2008).

AFFIRMED.