# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-50076
Consolidated with No. 15-50077

United States Court of Appeals
Fifth Circuit

**FILED**

March 31, 2016

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

      Plaintiff - Appellee

v.

JOSE LUIS NAREZ-GARCIA,

      Defendant - Appellant

Appeals from the United States District Court
for the Western District of Texas

Before CLEMENT, GRAVES, and COSTA, Circuit Judges.

EDITH BROWN CLEMENT, Circuit Judge:

Jose Luis Narez-Garcia pleaded guilty to illegal reentry following deportation. At sentencing, Narez-Garcia objected to the application of an eight-level enhancement based on his prior Arkansas conviction of aggravated assault on a household member. Narez-Garcia argued that his Arkansas conviction did not constitute an aggravated felony because the offense did not have as an element the use of force or involve a substantial risk that force would be used against a person. The district court noted that Narez-Garcia had been convicted of two offenses: aggravated assault on a household member and domestic battery in the third degree, second offense. The district court

No. 15-50076 cons w/ No. 15-50077

overruled Narez-Garcia's objection to the eight-level enhancement and concluded that the domestic battery offense qualified as an aggravated felony for purposes of the Guidelines. Narez-Garcia was sentenced within the Guidelines to 33 months of imprisonment and a three-year term of supervised release. Narez-Garcia appeals the application of the eight-level enhancement, contending that the district court plainly erred. Because the district court did not plainly err in applying the eight-level enhancement, we AFFIRM.

I.

In 2014, United States Border Patrol agents found Narez-Garcia, a Mexican citizen, near Sierra Blanca, Texas. At the time, Narez-Garcia was on supervised release for a prior illegal reentry conviction. He had not obtained permission to reapply for admission. He was charged with and pleaded guilty to illegal reentry into the United States after removal, in violation of 8 U.S.C. § 1326(a)(1).

A probation officer prepared a Presentence Investigation Report ("PSR") stating that Narez-Garcia's base offense level was eight. The probation officer recommended an eight-level increase for an aggravated felony, under U.S.S.G. § 2L1.2(b)(1)(C). Narez-Garcia was previously convicted in Arkansas of aggravated assault on a household member and domestic battery in the third degree, second offense. The probation officer indicated that the conviction for aggravated assault on a household member qualified as an aggravated felony, thus mandating the eight-level increase. After applying a three-level downward adjustment for acceptance of responsibility under U.S.S.G. § 3E1.1(b), Narez-Garcia's total offense level was 13. Based on Narez-Garcia's offense level and his criminal history category of VI, the Guidelines range for imprisonment was from 33 to 41 months.

Before sentencing, Narez-Garcia objected to the eight-level increase in the PSR, arguing that the Arkansas aggravated assault offense was not an

aggravated felony under 8 U.S.C. § 1101(a)(43)(F)[1] because it did not qualify as a crime of violence. Specifically, Narez-Garcia argued that because the aggravated assault offense does not have the use of force as an element or involve a substantial risk that force will be used against a person or property, it was not a crime of violence.

At sentencing, the district court noted that Narez-Garcia had been convicted of two counts in Arkansas: one for aggravated assault on a family member or household member and the other for domestic battery in the third degree, second offense. The Arkansas Judgment and Disposition Order ("Arkansas Judgment" or "Judgment") showed the sentences for the two offenses as:

| | |
|---|---|
| Period of Confinement: | _____ months. |
| Suspended Imposition of Sentence: | __72_ months. |
| Period of Probation: | __12_ months. |

The district court acknowledged the possibility that the aggravated assault conviction did not qualify as an aggravated felony but questioned Narez-Garcia's counsel regarding the domestic battery conviction. Narez-Garcia's counsel posited the same objection to the domestic battery conviction, arguing that it did not require that actual, physical force be imposed; thus, the domestic battery conviction was not a crime of violence. The district court overruled the objection and held that the domestic battery conviction qualified as an aggravated felony.

The district court refused Narez-Garcia's request for a variance below the Guidelines and sentenced him to 33 months' imprisonment and a three-year term of supervised release. The court also revoked Narez-Garcia's prior

---

[1] 8 U.S.C. § 1101(a)(43)(F) states that an "aggravated felony" includes a "crime of violence . . . for which the term of imprisonment [is] at least one year."

No. 15-50076 cons w/ No. 15-50077

supervised release and sentenced him to 18 months' imprisonment to run consecutively with his 33-month sentence. Narez-Garcia appealed.

## II.

We review a district court's interpretation or application of the Sentencing Guidelines de novo and its factual findings for clear error. *United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008). If preserved for appeal, the district court's characterization of a prior offense as an aggravated felony or as a crime of violence is a question of law that we review de novo. *See United States v. Izaguirre-Flores*, 405 F.3d 270, 272 (5th Cir. 2005) (per curiam). If a challenge is not preserved for appeal, we review for plain error. *United States v. Juarez*, 626 F.3d 246, 253-54 (5th Cir. 2010).

The parties dispute whether Narez-Garcia properly preserved his only challenge on appeal—that the district court erred in applying the eight-level enhancement because his Arkansas convictions did not result in a term of imprisonment of at least one year, thus falling outside 8 U.S.C. § 1101(a)(43)(F)'s definition of an aggravated felony.

"A party must raise a claim of error with the district court in such a manner so that the district court may correct itself and thus, obviate the need for our review." *United States v. Mondragon-Santiago*, 564 F.3d 357, 361 (5th Cir. 2009) (internal quotation marks omitted). "[A]n argument is preserved when the basis for objection presented below gave the district court the opportunity to address the gravamen of the argument presented on appeal." *United States v. Garcia-Perez*, 779 F.3d 278, 281-82 (5th Cir. 2015) (internal quotation marks omitted).

The government contends that Narez-Garcia's appeal is subject to plain error review because he failed to raise his argument that he was not sentenced to at least one year of imprisonment in the district court. Narez-Garcia admits that in the district court "he focused on the part of the aggravated-felony crime-

of-violence definition having to do with the use of force as an element" and "did not focus on the part of the aggravated-felony crime-of-violence definition requiring a term of imprisonment of at least one year." Even so, Narez-Garcia argues that he adequately objected to both of his prior convictions being used for the eight-level aggravated felony enhancement.

Narez-Garcia's argument is unavailing. Because Narez-Garcia did not object to the enhancement on the specific ground he now raises on appeal—the one-year-term-of-imprisonment requirement—and instead raised only his use-of-force argument, this court's review is limited to plain error.[2] *See Juarez*, 626 F.3d at 253-54 (reviewing for plain error where defendant objected to an enhancement on grounds different from those raised on appeal).

Plain error review involves four steps. *Puckett v. United States*, 556 U.S. 129, 135 (2009) (citing *United States v. Olano*, 507 U.S. 725 (1993)).

> First, there must be an error or defect—some sort of [d]eviation from a legal rule—that has not been intentionally relinquished or abandoned, *i.e.,* affirmatively waived, by the appellant. Second, the legal error must be clear or obvious, rather than subject to reasonable dispute. Third, the error must have affected the appellant's substantial rights, which in the ordinary case means he must demonstrate that it affected the outcome of the district court proceedings. Fourth and finally, if the above three prongs are satisfied, the court of appeals has the *discretion* to remedy the error—discretion which ought

---

[2] Narez-Garcia's reliance on *United States v. Medina-Anicacio*, 325 F.3d 638 (5th Cir. 2003) is unhelpful. *Medina-Anicacio* is distinguishable from this case. Narez-Garcia reads *Medina-Anicacio* to hold that a general objection to the application of a statute—even if the parties and the court below focus on a different component of the statute than the component of the statute at issue on appeal—preserves all arguments regarding the statute for appeal. *Medina-Anicacio* actually stands for the much narrower proposition that when an appellant raises an issue below, although inartfully, and the district court considers the issue, it is preserved for appeal. *Id.* at 641-42. In addition, Narez-Garcia's broad reading of *Medina-Anicacio* is inconsistent with other holdings of this court. *See e.g.*, *Juarez*, 626 F.3d at 253-54.

No. 15-50076 cons w/ No. 15-50077

> to be exercised only if the error seriously affect[s] the
> fairness, integrity or public reputation of judicial
> proceedings. Meeting all four prongs is difficult, as it
> should be.

*Id.* (internal quotation marks and citations omitted).

### III.

Narez-Garcia argues that, even under plain error review, the district court plainly erred in applying the eight-level increase under the U.S.S.G. § 2L1.2(b)(1)(C) because his Arkansas conviction for domestic battery does not meet the definition for an aggravated felony under 8 U.S.C. § 1101(a)(43)(F).[3] Narez-Garcia contends that the Arkansas state court did not impose a period of confinement; the state court left this blank empty. Instead, it imposed 72 months, suspended imposition of sentence, and a period of probation of 12 months. Narez-Garcia argues that the state court thus did not impose any sentence of imprisonment, let alone a one-year term, meaning that the conviction does not qualify as an aggravated felony. Instead, he contends, his sentence should be viewed as imposing probation, disqualifying it as an aggravated felony under this court's precedent.

Assuming—without deciding—that the district court erred in classifying Narez-Garcia's Arkansas conviction as an aggravated felony, that error was not "clear or obvious." *Puckett*, 556 U.S. at 135. Plain error is error that is so clear or obvious that "the trial judge and prosecutor were derelict in countenancing it, even absent the defendant's timely assistance in detecting it." *United States v. Hope*, 545 F.3d 293, 295-96 (5th Cir. 2008) (quoting *United States v. Frady*, 456 U.S. 152, 163 (1982)).

---

[3] This court generally does not consider arguments raised for the first time in a reply brief, but we will review an argument that is made in response to an issue raised by appellee in its brief. *See United States v. Rodriguez*, 602 F.3d 346, 361 (5th Cir. 2010).

No. 15-50076 cons w/ No. 15-50077

Federal law controls whether a state conviction qualifies as an aggravated felony. *See United States v. Vasquez-Balandran*, 76 F.3d 648, 650 (5th Cir. 1996). This court has never addressed the specific question at issue here—whether a suspended imposition of a sentence in Arkansas qualifies as a "term of imprisonment" for purposes of an aggravated felony sentencing enhancement. There is a dearth of cases from any court addressing this issue.[4] What is more, Narez-Garcia's conviction is difficult to cabin within our case law.[5] And looking to Arkansas law here provides little guidance. *See Medina-Anicacio*, 325 F.3d at 644 ("[S]tate law has been found to aid this Court's analysis of the effect of a state court's conviction on a defendant's federal sentence." (citing *Landeros-Arreola*, 260 F.3d at 410)). Narez-Garcia argues that the definition of "suspension" or "suspended imposition of sentence" under Arkansas law, *see* Ark. Code Ann. § 5-4-101(6), proves that no sentence of imprisonment was imposed in the first instance. But the confused history of suspended imposition and suspended execution of sentences in Arkansas[6] and

---

[4] Narez-Garcia's best case is an unpublished opinion from the BIA that lacks analysis. *See In re: Cardenas-Cardenas*, A089 807 259, 2010 WL 915647 (BIA Feb. 24, 2010) (unpublished). Because this unpublished opinion is not precedential, and because it lacks any analysis for its conclusion, its value is limited.

[5] "Our precedent distinguishes between sentences of imprisonment that are imposed but then suspended, and sentences that are for probation in the first instance without any imprisonment contemplated." *Mondragon-Santiago*, 564 F.3d at 368 (citing *United States v. Banda-Zamora*, 178 F.3d 728, 730 (5th Cir. 1999)). "If the sentencing court orders imprisonment and then suspends it, the sentence counts under § 1101(a)(43)(F) for determining if the term of imprisonment is at least one year in duration." *Id.* (citing *Vasquez-Balandran*, 76 F.3d at 650-51); *see also United States v. Rios-Cortes*, 649 F.3d 332, 333-35 (5th Cir. 2011). If, however, the "sentencing court orders probation directly, then that conviction does not count as a term of imprisonment or as an aggravated felony." *Mondragon-Santiago*, 564 F.3d at 368 (citing *United States v. Herrera-Solorzano*, 114 F.3d 48, 50 (5th Cir. 1997)). Relatedly, a reduction of a sentence to probation is different from a suspension of a sentence for probation. *See United States v. Landeros-Arreola*, 260 F.3d 407, 409-14 (5th Cir. 2001) (holding that defendant's Colorado state conviction was not an aggravated felony because his sentence was reduced to probation after he completed a boot camp).

[6] *See* John M. A. DiPippa, *Suspending Imposition and Execution of Criminal Sentences: A Study of Judicial and Legislative Confusion*, 10 U. Ark. Little Rock L.J. 367, 375 (1988); *see also Culpepper v. State*, 595 S.W.2d 220, 221-23 (Ark. 1980) (recognizing confused

No. 15-50076 cons w/ No. 15-50077

the Judgment[7] make classifying Narez Garcia's conviction under our case law anything but a clear or obvious task.

An error is not plain under current law "if a defendant's theory requires the extension of precedent." *United States v. Jackson*, 549 F.3d 963, 977 (5th Cir. 2008). Narez-Garcia's theory does so here. Had Narez-Garcia preserved this issue for appeal, we would face a more difficult question. But under plain error review, any error by the district court was not clear or obvious.[8]

## IV.

For the foregoing reasons, the district court did not plainly err in applying the eight-level sentencing enhancement. AFFIRMED.

---

history of suspended imposition and suspended execution of sentences). Although an Arkansas statute states that a "court may not suspend execution of sentence," Arkansas case law remains somewhat confused on this issue. Ark. Code Ann. § 5-4-104(e)(1)(B)(ii); *see*, *e.g.*, *Lalota v. State*, No. CACR 06-821, 2007 WL 2660244, at *2 (Ark. Ct. App. Sep. 12, 2007) (where court analyzed issue as if "suspended execution of sentence" is still an allowed procedure under Arkansas law).

[7] The Judgment suspended imposition of sentence for 72 months and imposed a period of probation of 12 months. But the suspended imposition of sentence and probation cannot occur simultaneously, so the Judgment seems contrary to Arkansas law. *See Culpepper*, 595 S.W.2d at 223 ("[T]he two [suspended imposition of sentence and probation] cannot occur simultaneously, as the former is 'without supervision' and the latter requires 'supervision of a probation officer.'"); *see also* Ark. Code Ann. § 5-4-104(e)(1)(B)(i) ("In any other case, the court may suspend imposition of sentence *or* place the defendant on probation.") (emphasis added); Ark. Code Ann. § 5-4-104(e)(2) ("If the offense is punishable by fine and imprisonment, the court may sentence the defendant to pay a fine and suspend imposition of the sentence as to imprisonment *or* place the defendant on probation.") (emphasis added).

[8] Following briefing and oral argument in this court, Narez-Garcia moved to file a supplemental brief. We granted that motion. In his supplemental brief, he points out that a panel of this court recently held that the statutory definition of "crime of violence" in 18 U.S.C. § 16(b) is unconstitutionally vague. *See United States v. Gonzalez-Longoria*, No. 15-40041, 2016 WL 537612 (5th Cir. Feb. 10, 2016), *reh'g en banc granted* 2016 WL 766980 (5th Cir. 2016). Thus, he argues that the district court plainly erred by applying an unconstitutional enhancement by construing his prior domestic battery conviction as a crime of violence under 18 U.S.C. § 16(b). But Narez-Garcia's argument fails for one key reason—the district court applied the crime of violence definition from § 16(a), not § 16(b). *See* Tr. of Sentence at 6 (focusing on the use of physical force as an element of the offense to hold that the conviction qualified as a crime of violence). The panel in *Gonzalez-Longoria* did not address whether § 16(a) is unconstitutional. Accordingly, we reject Narez-Garcia's argument.

No. 15-50076 cons w/ No. 15-50077

JAMES E. GRAVES, JR., Circuit Judge, dissenting.

The majority opinion concludes that the district court did not plainly err when it imposed an eight-level enhancement to Narez-Garcia's sentence because of a prior conviction for an aggravated felony with a term of imprisonment of at least one year under U.S.S.G. § 2L1.1(b)(1)(C). It also rejects, in a footnote, Narez-Garcia's argument that the eight-level enhancement was improper because of our application of *Johnson v. United States*, 135 S. Ct. 2551 (2015), in *United States v. Gonzalez-Longoria*, No. 15-40041, 2016 WL 537612 (5th Cir. Feb. 10, 2016), *reh'g en banc granted*, 2016 WL 766980 (5th Cir. 2016), invalidating 18 U.S.C. § 16(b)'s definition of crime of violence as unconstitutionally vague. Because I conclude that the district court plainly erred when it imposed the enhancement, I respectfully dissent.

I.

Narez-Garcia first challenges the eight-level enhancement, arguing that he was not sentenced to a term of imprisonment of at least one year for the prior Arkansas conviction. Therefore, Narez-Garcia contends, the eight-level enhancement for a prior aggravated felony found in U.S.S.G. § 2L1.1(b)(1)(C) was inapplicable to the Arkansas conviction. I agree.

We have repeatedly held that for a suspended sentence to be read as imposing a term of imprisonment, the sentence must be imposed in the first instance and then suspended. *United States v. Mondragon-Santiago*, 564 F.3d 357, 368 (5th Cir. 2009). If the sentence places conditions on release with the option of later imposing a sentence for violating the terms of that release, then the sentence does not include a term of imprisonment. *Id.* Moreover, a reduction of a sentence to probation is not an imposition of a prison term, but a suspension of a sentence for probation is an imposition of a sentence in the first instance. *United States v. Landeros-Arreola*, 260 F.3d 407, 409-14 (5th Cir. 2001).

9

No. 15-50076 cons w/ No. 15-50077

Narez-Garcia's Arkansas convictions for aggravated assault and domestic battery resulted in a suspended imposition of sentence of 72 months and a 12-month term of probation. Arkansas Law defines suspended imposition of sentence as "a procedure in which a defendant who pleads or is found guilty of an offense is released by the court without pronouncement of sentence and without supervision." ARK. CODE. ANN. § 5-4-101(6). Probation is defined as "a procedure in which a defendant who pleads or is found guilty of an offense is released by the court without pronouncement of sentence but subject to the supervision of a probation officer." *Id.* § 5-4-101(2). Neither suspended imposition of sentence nor probation results in the imposition of a sentence. Therefore, Arkansas's statutory commands are unimpeachable: there is no term of imprisonment where there is no pronouncement of a sentence.

The majority opinion seeks to support its claim of a "confused history" of defining suspended imposition of sentence by citing to a journal article and Arkansas case law. Each cited authority, however, is consistent with the clear statutory language. For example, the journal article clearly states that "[s]uspension is defined as a procedure whereby a defendant . . . is released by the court *without pronouncement of sentence* and without supervision." DiPippa, *Suspending Imposition and Executive of Criminal Sentences: A Study of Judicial and Legislative Confusion*, 10 U. ARK. LITTLE ROCK L.J. 367, 374-75 (1988) (internal quotations and citations omitted) (emphasis added). Similarly, the majority cites an unpublished Arkansas Court of Appeals decision, *Lalota v. State*, No. CACR 06-821, 2007 WL 2660244 (Ark. Ct. App. Sep. 12, 2007), in an attempt to demonstrate this "confused history." But there is no reference to a term of imprisonment being imposed and then suspended pending compliance with certain conditions. Rather, *Lalota* explicitly states

that the defendant's "imposition of sentence was suspended," and that the court did not "impose an actual sentence." *Id.* at 2.

The majority, however, is correct that the Arkansas Supreme Court has stated that a defendant may not be sentenced to both a suspended imposition of sentence and probation at the same time. *See Culpepper v. State,* 595 S.W.2d 220, 223 (Ark. 1980). But an unrelated error by the Arkansas judge when sentencing Narez-Garcia cannot now be used by the majority as evidence that the district court did not plainly err.

The statutory language is crystal clear. Arkansas law prohibits the imposition and then suspension of a term of imprisonment. Therefore, the district court plainly erred when it applied an eight-level enhancement to Narez-Garcia because of a past conviction for aggravated assault.

II.

Narez-Garcia also argues that the district court plainly erred because it applied an unconstitutionally vague definition of crime of violence when enhancing Narez-Garcia's sentence as a result of a prior conviction for an aggravated felony. More specifically, Narez-Garcia contends that our recent decision in *United States v. Gonzalez-Longoria* that 18 U.S.C. § 16(b)'s residual clause is unconstitutionally vague under *Johnson*, 2016 WL 537612 at * 9, prohibits application of the eight-level enhancement. The majority rejects this argument in a footnote, determining that the district court applied 18 U.S.C. § 16(a) instead of § 16(b). But their conclusion is not supported by the record.

At the sentencing hearing, Narez-Garcia and the government conceded that § 16(a) did not apply. *See* Tr. of Sentence at 3 ("[T]he government has conceded that [Narez-Garcia's prior conviction] is not a crime of violence . . . under [§ 16(a)'s] definition so we're going to concentrate on [§] (b)."). The district court neither rejected nor accepted the concession; instead, it read aloud the indictment from Narez-Garcia's Arkansas convictions and asked

No. 15-50076 cons w/ No. 15-50077

"why doesn't that meet the requirements of an aggravated offense." *Id.* at 5-6. Narez-Garcia responded that his convictions did not meet the definition of a crime of violence under § 16(b). *Id.* at 7. The district court rejected that argument, concluding "that Count Two of the information does allege a count of an aggravated offense, and that's one of the counts he plead to, and so I find that it does meet the criteria of an aggravated offense, both under the guidelines and under the statute and deny your objection." *Id.* The district court, however, never stated whether this finding was made under § 16(a) or § 16(b). Therefore, given the concession by both parties, and that the district court seems to agree and engage in a colloquy with defense counsel regarding § 16(b), I am compelled to conclude that the district court found that Narez-Garcia's prior convictions were a crime of violence under § 16(b).

Because Narez-Garcia's prior conviction was found to be a crime of violence under § 16(b), I would apply the *Johnson* analysis and conclude that the district court plainly erred when it imposed the eight-level enhancement because § 16(b)'s residual clause is unconstitutionally vague.[1] The majority's summary disposal of Narez-Garcia's *Johnson* argument is therefore improper given the overwhelming record evidence that Narez-Garcia was convicted under § 16(b).

## III.

The existence of error, however, is not enough. It must also be shown that the wrongfully imposed sentence effected Narez-Garcia's substantive rights. If the district court properly applied the guidelines, the Arkansas convictions would have resulted in a four-level enhancement for a prior

---

[1] We recently decided that 18 U.S.C. § 16(b) is unconstitutionally vague. *See Gonzalez-Longoria*, 2016 WL 537612 at * 9. Because en banc review is pending in *Gonzalez-Longoria*, I would hold this case in abeyance pending final disposition of *Gonzalez-Longoria* by the en banc court.

conviction for any other felony. *See* U.S.S.G. § 2L.1.2(b)(1)(D). With an offense level of 12, Narez-Garcia's guidelines range would have been 24 to 30 months imprisonment, lower than his 33-month sentence. Because Narez-Garcia was sentenced to a term of imprisonment outside his proper guidelines range, it is clear that the sentence effected Narez-Garcia's substantive rights. Therefore, I would exercise our discretion to vacate Narez-Garcia's sentence and would remand for resentencing.

I respectfully dissent.