# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-11134
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

May 31, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

DARWIN JESUS MEJIA-GUERRA,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:15-CR-23-1

Before STEWART, Chief Judge, and CLEMENT and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Darwin Jesus Mejia-Guerra pleaded guilty to one count of illegal reentry into the United States after a prior removal in violation of 8 U.S.C. § 1326(a) and (b). The district court sentenced him to 36 months of imprisonment.

Mejia-Guerra challenges the application of the 16-level crime of violence enhancement under U.S.S.G. § 2L1.2(b)(1)(A)(ii) based on his prior Texas

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-11134

conviction for burglary of a habitation.  First, the district court did not err when it applied the modified categorical approach to his prior conviction.  *See United States v. Uribe*, 838 F.3d 667, 671 (5th Cir. 2016), *cert. denied*, 2017 WL 661924 (Mar. 20, 2017) (No. 16-7969); *United States v. Conde-Castaneda*, 753 F.3d 172, 176 (5th Cir. 2014).  Second, the Government satisfied its burden in showing the applicability of the § 2L1.2(b)(1)(A)(ii) enhancement and, thus, the district court did not err in relying on the indictment.  *See United States v. Torres-Diaz*, 438 F.3d 529, 535 (5th Cir. 2006); *United States v. Herrera-Solorzano*, 114 F.3d 48, 50 (5th Cir. 1997).

Finally, Mejia-Guerra avers that the district court violated his due process rights by imposing a sentence that exceeded the statutory maximum under § 1326(a).  As he concedes, this issue is foreclosed by *Almendarez-Torres v. United States*, 523 U.S. 224, 226-28, 235 (1998).

AFFIRMED.