# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 18-30682
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
May 1, 2019

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

     Plaintiff-Appellee

v.

CLARENCE ROBINSON, JR.,

     Defendant-Appellant

Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 3:94-CR-26-1

Before KING, SOUTHWICK, and ENGELHARDT, Circuit Judges.

PER CURIAM:[*]

In 1995, Clarence Robinson, Jr., was convicted by a jury of possession of a firearm by a convicted felon, and, after being categorized as an armed career criminal, was sentenced to life imprisonment and ordered to pay a $50 special assessment. We affirmed the judgment of the district court. *United States v. Robinson*, No. 95-31288, 1996 WL 595692, at *1 (5th Cir. Sept. 25, 1996) (unpublished).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 18-30682

In 2016, after his previous motions for postconviction relief were denied, we granted Robinson leave to file a successive 28 U.S.C. § 2255 motion in light of *Johnson v. United States*, 135 S. Ct. 2551 (2015), which determined that the residual clause of the Armed Career Criminal Act was void for vagueness. The district court granted the ensuing § 2255 motion, vacated Robinson's sentence, directed the preparation of an amended presentence report ("PSR"), and ordered a resentencing hearing. The district court consequently resentenced Robinson within the amended guidelines range to 120 months in prison, imposed a $100 special assessment, and ordered the instant sentence to run consecutively to undischarged sentences for convictions in the Eastern District of Texas.

Robinson argues that the district court erred at the resentencing hearing by overruling his objections to the amended PSR. He contends that the district court improperly concluded that the objections—which were reiterations of the objections that he raised at his initial sentencing as to the original PSR—could not be revisited because they were outside the scope of the resentencing. The Government maintains that Robinson's arguments as to the disposition of his objections are barred and waived pursuant to the "mandate rule." We need not address the applicability of the mandate rule and may proceed to the merits of the objections because Robinson has not shown any error. *See United States v. Simpson*, 796 F.3d 548, 552 & n.7 (5th Cir. 2015).

Robinson challenges the imposition of a one-level enhancement under U.S.S.G. § 2K2.1(b)(1) and a four-level enhancement under § 2K2.1(b)(5), arguing that the information supporting the enhancements is unreliable because it is premised on hearsay. However, he fails to offer competent evidence to rebut the PSR and does not now meaningfully explain why the PSR is untrustworthy or false. *See United States v. Harris*, 702 F.3d 226, 230-31

No. 18-30682

(5th Cir. 2012). His claim that the PSR is unreliable because it contains unspecified hearsay evidence is perfunctory and unavailing. *See United States v. Valdez*, 453 F.3d 252, 267 (5th Cir. 2006). Likewise, his assertion that the enhancements wrongly were based on uncharged conduct is conclusory and baseless. *See* U.S.S.G. § 1B1.3; *United States v. Brummett*, 355 F.3d 343, 344-45 (5th Cir. 2003). Thus, he has failed to establish that the district court clearly erred in refusing to grant his objections. *See United States v. Vital*, 68 F.3d 114, 120 (5th Cir. 1995).

Robinson further asserts that his 120-month sentence was substantively unreasonable. He maintains for the first time on appeal that the district court gave significant weight to his prison disciplinary records even though the facts underlying the disciplinary decisions were not disclosed or detailed. He argues that the disciplinary records are equivalent to bare arrest records. Due to the lack of apposite authority, Robinson has failed to establish that any error was plain. *See United States v. Gonzalez*, 792 F.3d 534, 538 (5th Cir. 2015). Even if the district court clearly or obviously erred, Robinson has failed to show that it is reasonably probable that he would have received a lesser sentence if the district court had not considered the disciplinary records. *See United States v. Jones*, 444 F.3d 430, 438 (5th Cir. 2006).

Robinson also alleges that his sentence was substantively unreasonable because the district court ordered his instant sentence to run consecutively to undischarged federal sentences. The record establishes that the district court was made aware of the relevant factors before imposing a consecutive sentence, and thus is presumed to have considered them. Specifically, the district court was advised of the pertinent factors—including the offense conduct, Robinson's history and characteristics, his criminal history, the seriousness of his criminal conduct and the likelihood that he would commit additional crimes, the facts

3

No. 18-30682

of the undischarged sentences, and the propriety of consecutive sentences—in the PSRs and addenda thereto and through the parties' sentencing arguments. *See United States v. Izaguirre-Losoya*, 219 F.3d 437, 440 & n.13 (5th Cir. 2011). To the extent that Robinson argues that the district court viewed as mandatory the Sentencing Guidelines—which recommended that the sentences be served consecutively—his contention is conclusory and not supported by the record.

Robinson otherwise suggests that the district court improperly evaluated the relevant sentencing factors by not crediting his rehabilitation in prison or his other proffered grounds for leniency. The record supports that the district court based its decision on an individualized assessment of the facts of the case in light of the 18 U.S.C. § 3553(a) factors. *See Gall v. United States*, 552 U.S. 38, 49-50 (2007). We may not reweigh the district court's evaluation of the § 3553(a) sentencing factors. *See id.* at 51-52. Robinson's disagreement with the sentence imposed does not rebut the presumption of reasonableness that attaches to it. *See United States v. Ruiz*, 621 F.3d 390, 398 (5th Cir. 2010).

Finally, he correctly contends—and the Government concedes—that the imposition of a $100 special assessment at resentencing violated the Ex Post Facto Clause because he completed the instant offense prior to April 24, 1996. *See* 18 U.S.C. § 3013(a)(2)(A); *United States v. Herrera-Solorzano*, 114 F.3d 48, 50-51 (5th Cir. 1997). Further, because a $50 special assessment was imposed at the initial sentencing hearing, the district court impermissibly imposed cumulative assessments for a single conviction by imposing an additional assessment at resentencing. *See Rutledge v. United States*, 517 U.S. 292, 301-03 (1996); *United States v. Corona*, 108 F.3d 565, 571-72 (5th Cir. 1997). Because Robinson paid the $50 special assessment imposed at his original sentencing, there is no outstanding balance. Thus, the district court's

No. 18-30682

judgment should be modified to remove the special assessment. Any money Robinson paid towards the $100 special assessment should be refunded.

AFFIRMED; JUDGMENT MODIFIED.