# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
July 11, 2023

Lyle W. Cayce
Clerk

————————

No. 22-50314

————————

United States of America,

*Plaintiff—Appellee*,

*versus*

Kody James Menendez,

*Defendant—Appellant*.

_____

Appeal from the United States District Court
for the Western District of Texas
USDC No. 6:20-CR-124-1

_____

Before Haynes and Engelhardt, *Circuit Judges*, and Saldaña, *District Judge*.[*]

Per Curiam:[†]

Defendant-Appellant Kody James Menendez appeals the district court's application of a three-point sentencing enhancement under U.S.S.G. § 3A1.2(a). Menendez and another individual broke into an off-duty police officer's truck and stole a number of items, including the officer's shotgun

_____

[*] United States District Judge for the Southern District of Texas, sitting by designation.

[†] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

and rifle.   Within two days of the theft, Menendez told a confidential informant that he had burglarized a cop's vehicle at the relevant location. Menendez was eventually taken into custody.   During an interview, Menendez explained that an individual named Ariel Santos had contacted him to tell him that a police officer owed Santos money.   Santos told Menendez about the truck, with police equipment inside, and Menendez admitted that he burglarized the truck with the understanding that it was owned by a police officer.   Thus, in two different conversations, he focused on the status of the owner of the vehicle.

The Government charged Menendez with possession of a stolen firearm in violation of 18 U.S.C. §§ 922(j) and 924(a)(2).  He pleaded guilty to the indictment without a plea bargain agreement.   A probation officer prepared a presentence investigation report ("PSR"), which recommended a base offense level of 20 and a criminal history category of 5.  The PSR also recommended a three-point enhancement under § 3A1.2 because the victim was a law enforcement officer and Menendez was aware that he was breaking into a vehicle owed by an officer.  With this enhancement and other factors not relevant to this appeal, the PSR recommended a total offense level of 24 and a Sentencing Guidelines ("Guidelines") imprisonment range of 92 to 115 months.

Menendez objected to the § 3A1.2 enhancement.   The district court overruled this objection and adopted the PSR's recommendations, sentencing Menendez to 92 months in prison.  Menendez timely appealed.

We have jurisdiction over Menendez's appeal under 28 U.S.C. § 1291 and 18 U.S.C. § 3742.   We review a district court's application or interpretation of the Guidelines de novo, while we apply clear error review to its factual findings. *United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008).  "A factual finding is not clearly erroneous if it is plausible in light

of the record read as a whole." *United States v. Calbat*, 266 F.3d 358, 364 (5th Cir. 2001) (citation omitted). If the Government "seek[s] to adjust [a] sentence level," it has the burden to "prove by a preponderance of the relevant and sufficiently reliable evidence the facts necessary to support the adjustment." *United States v. Herrera-Solorzano*, 114 F.3d 48, 50 (5th Cir. 1997) (internal quotation marks and citation omitted).

Menendez's sole challenge is that the district court erred in applying the three-point enhancement pursuant to § 3A1.2(a). Per Menendez, the district court erred in concluding that he was motivated by the victim's status as a police officer, and instead he was motivated by something akin to a personal dispute (i.e., a desire to recover money purportedly owed to Santos by a police officer). Therefore, because he lacked the requisite motive, he asserts that he does not qualify for the enhancement under § 3A1.2(a).

Under § 3A1.2(a), if a victim was "a government officer or employee" and "the offense of conviction was motivated by such status," the district court should "increase by 3 levels." A related provision, § 3A1.2(b), states that, "[i]f subsection (a)(1) and (2) apply, and the applicable Chapter Two guideline is from Chapter Two, Part A," the district court should "increase by 6 levels." While the commentary to these provisions does not precisely define the phrase "motivated by such status," it does clarify that the phrase "means that the offense of conviction was motivated by the fact that the victim was a government officer or employee." U.S. Sent'g Guidelines Manual § 3A1.2 cmt. n.3. It also states that "[t]his adjustment would not apply, for example, where both the defendant and victim were employed by the same government agency and the offense was motivated by a personal dispute." *Id.*

We have "had limited occasion to interpret the 'motivated by such status' language of § 3A1.2(a) and (b)." *United States v. Williams*, 520 F.3d

414, 424 (5th Cir. 2008) (citations omitted). To that end, many of our opinions dealing with § 3A1.2(a) and (b) have addressed the "motivated by" issue only in the context of government officials being the victim of crimes *during* the performance of their official duties. *See, e.g.*, *United States v. Munguia*, 553 F. App'x 461, 461–62 (5th Cir. 2014) (per curiam). Unlike those situations, the police officer here was not a victim during the performance of his official duties.

Nonetheless, the record supports the conclusion that Menendez's motivation for burgling the truck was *because* he understood the truck belonged to a police officer. Put differently, the record suggests that Menendez would not have broken into that particular truck if it did *not* belong to a police officer. To that end, it is noteworthy that Menendez himself emphasized to both a confidential informant and later to the jail interviewer that he committed a burglary of a *police officer's* vehicle, which highlighted, rather than diminished, the officer's status in the crime.

While Menendez presses that he was motivated only by a personal dispute, the record indicates otherwise. Rather, his "sole reason[s]" for choosing to burglarize the truck in question were that (1) Santos told him that a police officer owed Santos money, and (2) the truck appeared to belong to a police officer. *See Williams*, 520 F.3d at 424 (considering an appellant's argument that his assault of an officer was motivated by a personal dispute). These facts support the district court's conclusion that the § 3A1.2(a) enhancement was appropriate in this case. *See id.*; *see also United States v. Hooker*, 997 F.2d 67, 75–76 (5th Cir. 1993) (deferring to a district court's enhancement where various "statements [were] sufficient to show that [appellants] . . . knew [the officer] was a law enforcement officer, and that his status as a law enforcement officer motivated them to assault him"); *United States v. Boyd*, 231 F. App'x 314, 316 (5th Cir. 2007) (per curiam) (acknowledging that appellant's crime against a judge "was undoubtedly

motivated in part by" a personal dispute, but nonetheless affirming a district court's enhancement where it was "reasonable to infer that [appellant] was also motivated by [the judge's] status as a judge").[1]

Therefore, especially considering the high bar for challenges to the district court's factual findings, we conclude that the court's findings undergirding its application of § 3A1.2(a) were "plausible in light of the record read as a whole" and not clearly erroneous. *See Calbat*, 266 F.3d at 364.

For the foregoing reasons, we AFFIRM.

---

[1] Although *Boyd* "is not controlling precedent," it "may be [cited as] persuasive authority." *Ballard v. Burton*, 444 F.3d 391, 401 n.7 (5th Cir. 2006) (citing 5TH CIR. R. 47.5.4).